Carmon *v.* The State.

*R. Hill,* for the appellant.

———————

## CARMON *v.* THE STATE

An information for a violation of the liquor law which charges a sale of whisky without averring that it was intoxicating liquor, is good, because the Court judicially knows that whisky is intoxicating.

On an application for a continuance for testimony of a witness, who would swear that the alleged minor, to whom the liquor was sold, at the time of the sale, represented that he was of age, and had the appearance of being of age, and that the defendant had good reason to believe he was of age, if the State will admit that he made such representations and had such appearance, the defendant can demand no more and must go to trial.

APPEAL from the *Warren* Common Pleas.

PERKINS, J.—The State prosecuted and committed *Carmon* upon a charge of selling "whisky" to a minor. It is contended that an affidavit or information simply charging a sale of whisky, without averring that whisky is an intoxicating liquor, is bad.

We do not think so. The Court, from its general knowledge, can judicially say that whisky is an intoxicating liquor; and the jury might so find upon their general knowledge. *Commonwealth* v. *Peckham*, 2 Gray (Mass.) p. 514.

If the defendant could prove, on the trial, that the article he sold was not intoxicating, he would disprove that it was whisky, in the conventional sense of that term, and in the statutory sense, no matter what it might be designated in the indictment or evidence.

Before trial, *Carmon* applied for a continuance on account of the absence of one *Johnson*, whose testimony he desired to procure. He swore that he expected to prove by *Johnson* that at the time that he, the defendant, sold the liquor to the minor, said minor represented himself to be of age, and had the appearance of being of age, and that defendant had good reason to believe said minor was of age.

The State offered to admit that the minor averred to the defendant that he was of age, and that he had the appearance of being so, and then demanded that the trial should proceed. The defendant insisted that the State should further admit that he had good reason to believe the minor to be of age, but the Court held differently.

We think the Court did not err. Whether the defendant had good reason to believe the minor in question to be an adult, was a conclusion to be deduced by the jury, or rejected, from all the evidence which might be given on the trial of the cause; which evidence would consist of facts. The witness whose testimony was sought would not have been allowed

to testify that the defendant had good reason, &c. He would have been allowed to State that the minor told the defendant he was an adult, and that he had the appearance of being so. This was all the matter set forth in the affidavit that the witness would have been allowed to testify to, had he been present.

*Per Curiam.*—The judgment is affirmed, with costs. (1)

*Brown & Park*, for the appellant.

*Henry M. Nourse*, for the State.

(1) Two other causes, between the same parties, on precisely similar informations, and like pleadings and evidence, are affirmed for the reasons given in the above cause.