--------o--------

WEIS *v.* THE STATE.

CRIMINAL COURT.—*Of Jefferson County.—Constitutional Law.—Grand Jury.—* The act creating a criminal circuit court in Jefferson county (Acts 1869, p. 49) was constitutional and conferred on said court legal power to organize and impanel a grand jury.

LIQUOR LAW.—*Evidence.—Beer.—*On the trial of an indictment for selling intoxicating liquor to a minor, the evidence showed that the liquor sold was beer, but failed to show that it was malt beer, or that it was an intoxicating liquor.

*Held,* that this failure rendered the evidence insufficient.

APPEAL from the Jefferson Criminal Circuit Court.

ELLIOTT, J.—Weis, the appellant, was indicted, tried, and convicted, in the Jefferson Criminal Circuit Court, for selling intoxicating liquor to one Henry Cole, a minor.

A reversal of the judgment is sought on two grounds:

First, that the act creating the court is unconstitutional and void, and, if valid, does not authorize the organization of a grand jury.

Second, that the evidence does not sustain the conviction.

All the points involved in the first question were carefully examined in *Eitel* v. *The State, ante,* p. 201, in which we held, that the act creating criminal circuit courts in Jefferson and Vanderburg counties was constitutional, and that it conferred on said courts legal power to organize and impanel grand juries. We are still satisfied with the correctness of the ruling in that case, and we do not, therefore, deem it necessary to re-discuss the questions here.

On the second question, the judgment must be reversed. The evidence does not show that the liquor sold was intoxicating. The only evidence on the subject was that of Cole, the prosecuting witness, who testified that he was under twenty-one years of age, and some time during the summer bought "a glass of beer" of the appellant, and paid for it. There was no evidence that it was malt beer, or that it was an intoxicating liquor. Under the statute, "malt liquors" are included in the term "intoxicating liquors." *Beer* may be, but is not necessarily, a malt liquor, and may not be intoxicating. It devolves on the State, therefore, to prove that the beer sold was either a malt liquor or that it was, in fact, intoxicating liquor. Neither of these facts could be assumed or judicially recognized. As no such proof was made, the evidence was not sufficient to warrant a conviction.

Judgment reversed, and the cause remanded for a new trial.

*J. L. Wilson* and *E. R. Wilson,* for appellant.

*D. E. Williamson,* Attorney General, for the State.