## KLARE ET AL. *v.* THE STATE.

LIQUOR LAW.—*Intoxicating Liquor.*—The Act of Feb. 27th, 1873, relating to the sale of intoxicating liquors (Acts 1873, p. 151) has no provision defining what the words "intoxicating liquor" apply to.

SAME.—*Beer.—Evidence.*—The mere naked opinion of a witness that common brewer's beer is intoxicating, founded upon no knowledge of its effects, or of what it is composed, or how it is made, is not sufficient to show that it is intoxicating.

SAME.—*Judicial Notice.*—A court will not take judicial notice that common brewer's beer is intoxicating; and before a party who has sold such beer can be convicted of selling intoxicating liquor, it must be proved that the beer sold was intoxicating.

From the Marion Criminal Circuit Court.

*N. B. Taylor, F. Rand,* and *E. Taylor,* for appellants.

*R. P. Parker, H. Lee, J. B. Elam,* and *J. C. Denny,* Attorney General, for the State.

OSBORN, J.—The defendants were jointly indicted, tried,

and convicted for selling intoxicating liquor to Julius Cook, a minor, and over a motion for a new trial, judgment was rendered against them for twenty dollars and costs.

The only question presented for our consideration is on the sufficiency of the evidence to sustain the verdict.

Julius Cook testified as follows: "My name is Julius Cook; I was nineteen years of age in May last; I know the defendants; Frederick Klare is a bar-tender. The defendant Augustus Schrader is a bar-tender also, both at 588 South Meridian street, in the city of Indianapolis, Marion county, Indiana. I know my age, because I recollect when I was born. The latter part of July last I got a glass of beer at the saloon, No. 588, above mentioned. I can't say positively whether I purchased it or whether it was given to me. I don't know what kind of beer it was; think it was common brewer's beer; can't say if it was intoxicating or not; did not intoxicate me, but think brewer's beer is intoxicating. The defendant Klare was not there. I did not get it of him; think it was the defendant Schrader I got it of; think I gave five cents for it. No one was with me, and I don't recollect of any one being in the saloon at the time except myself and the person I think I got the beer of. I think I put five cents on the counter; don't know if it was taken up by any one; have been in the saloon several times and bought cigars and soda water." On that evidence the State rested.

The defendant Klare testified as follows: "I know the prosecuting witness Julius Cook. Have been acquainted with him four or five months; never sold him any intoxicating liquor of any kind; don't recollect of ever seeing him in the saloon."

The defendant Schrader testified as follows: "I have kept bar at the saloon 588 for four or five months past. Have been acquainted with the prosecuting witness Julius Cook for about ten months. Have no recollection of said witness being in said saloon to buy soda water or cigars, since I have been there. He may have been in the saloon since I have kept bar there, but not when I was in. I am not there

Klare *et al. v.* The State.

all the time. I never sold or gave the prosecuting witness any intoxicating liquor of any kind since I have been bar-tender at said saloon. I am sure of that. Prior to going into said saloon as bar-tender I was not in the business of selling liquor."

The appellants filed separate motions for a new trial. There was no evidence against Klare. The prosecuting witness, Cook, and Klare testify that he was not there. He had no connection whatever with the sale.

As to the defendant Schrader, we think there was evidence before the jury from which they might find that he sold to Cook a glass of beer, and that Cook was a minor at the time. But we do not think that the proof is sufficient to show that the beer sold was intoxicating. It is true, the witness swore that he thought he bought brewer's beer, and also that he thought that it was intoxicating. It was simply his opinion, nothing more. He did not state that he had any knowledge of its effects, or of the ingredients of which it was made. There is nothing in evidence showing that he had any knowledge by experience, or otherwise, of the effects of such beer, except from that bought of Schrader. The court does not take judicial notice that common brewer's beer is intoxicating. That is a fact to be proved before conviction can be rightly had for selling intoxicating liquor. It has been held that we take judicial notice that distilled spirits are intoxicating. *Carmon* v. *The State*, 18 Ind. 450; *Commonwealth* v. *Peckham*, 2 Gray, 514. In *Jackson* v. *The State*, 19 Ind. 312, it was held that where an indictment, under the act of March 5th, 1859, charged the sale of wine, the court did not judicially know that it was not intoxicating. The averment in the indictment in that case was, that the defendant retailed "a quantity of intoxicating liquor less than a quart, to wit, one gill of wine." That act declared that the words "intoxicating liquors" as used in the act should apply to any spirituous, vinous, or malt liquor, and it was urged by the defendant in the case last cited, that wine was not intoxicating, and that it was not in the power of the

legislature so to declare it.   The court declined to pass upon the question, and held that it did not know judicially that it was not intoxicating, and reversed the case, because it was not shown that the liquor was sold in this State.   In *The State* v. *Moore*, 5 Blackf. 118, it was held that fermented was not spirituous liquor.   " Spirit is the name of an inflammable liquor produced by distillation."

The act of February 27th, 1873, Acts 1873, p. 151, under which the indictment in the case at bar is founded, has no provision defining what the words "intoxicating liquor" apply to. That clause of the act of March 5th, 1859, is omitted.   We do not undertake to declare what evidence is necessary to establish the fact that the liquor sold was intoxicating.   We do hold, however, that the mere naked opinion of a witness, that the liquor sold is intoxicating, founded upon no knowledge of its effects, or of what it is composed, or how it is made, is not sufficient; that we do not take judicial notice of the fact that the kind of beer sold is intoxicating, and that it must be proved before a conviction can be had for selling it.

The judgment of the said Marion Criminal Circuit Court is in all things reversed.   The cause is remanded to said court, with instructions to grant a new trial, and for further proceedings in accordance with this opinion.