### LATHROPE *v.* THE STATE.

LIQUOR LAW.—*Beer.*—To sustain a conviction for selling or giving away beer, under the act of February 27th, 1873, the beer must be proved to have been intoxicating.

From the Kosciusko Circuit Court.

*Frazer & Encell* and *E. Hayward,* for appellant.

*C. A. Buskirk,* Attorney General, and *R. D. Doyle,* for the State.

PETTIT, J.—This was a prosecution under the act of February 27th, 1873, for giving intoxicating liquor to a person who was in the habit of getting intoxicated.

The only question in the case is, was the evidence sufficient to sustain the conviction? All the evidence as to the kind or quality of the liquor given or drank was this:

Mrs. Woods testified. "Saw him, Maggart, drink beer; did

not see any one give it to him.  *  *  Lathrope called for it; said it was fresh beer; can't remember what they called it; saw the keg in the case."

Mrs. M. H. Frasier testified. " Know Wm. P. Maggart; it was on the 30th day of April; he was intoxicated; have seen him twice since then; he was in the saloon then; I saw him drinking intoxicating liquors there; they were standing at the lower end of the counter; he, Henry Lathrope, said it was fresh beer; I said to Mrs. Woods, ' there is a very drunk man drinking beer;' he had beer in his hands when I saw him; Lathrope said afterward, it was some one else's treat; Mr. Randel was behind the bar; don't know what it was; have heard the same kind called lager beer; drawn from keg on east end of counter; it was about the middle of the afternoon."

Cross-examined. "They had the beer in their hands at the time when I saw them; there were three or four drinking at the time; don't remember any other beer being set up; don't remember of hearing anything before we went in; don't know who called it out; my best judgment is that it was beer; it is merely my impression that it was beer; never drank any myself."

This does not prove that the beer was intoxicating liquor, and following the well considered case of *Klare* v. *The State*, 43 Ind. 483, we hold that the evidence was not sufficient.

The judgment is reversed, with instructions to sustain the motion for a new trial.

Biddle, C. J.—I dissent. The evidence, in my opinion, shows that the kind of liquor sold was " called lager beer." This, I think, was sufficient, uncontradicted, to authorize the finding as to the character of the liquor. That "lager beer" is intoxicating is a fact which must be judicially known, without special proof.