SCHLOSSER ET AL. *v.* THE STATE, EX REL. ELLISON.

LIQUOR LAW OF 1873.—*Suit on Bond by Wife.—Intoxication of Husband.— Failure to Provide.—Cruelty.*—Where a person who held a license to sell intoxicating liquors, granted under the act of February 27th, 1873, (Acts Reg. Sess. 1873, p. 151,) regulating the sale of such liquors, improperly sold intoxicating liquors to a man who was in the habit of becoming intoxicated, and who, by such sale, became intoxicated, and thereby failed to provide for his wife, and beat and abused her, she, as relatrix, could maintain an action for damages, against such person and his sureties, on the bond executed by him pursuant to the 3d section of such act.

SAME.—*Evidence.*—On the trial of such suit the evidence must establish that the defendant sold intoxicating liquors to the husband, causing or contributing to his intoxication, whereby the wife was injured in her

person, property or means of support, and the bond sued upon must be given in evidence.

SAME.—*Intoxicating Liquor.—Beer.*—Where, on the trial of such cause, the evidence showed that "beer," only, was sold to the husband by the defendant, but did not show what kind of beer it was, nor that it was intoxicating, the plaintiff was not entitled to recover.

SAME.—Where, in such suit upon a liquor dealer's bond, upon the trial thereof, "it was agreed by the parties that the bond was executed, as set out in the complaint,"

*Held,* that such agreement did not waive the necessity of offering such bond in evidence.

From the Miami Circuit Court.

*J. L. Farrar* and *J. Farrar*, for appellants.

BIDDLE, J.—Andrew Schlosser and George Steinmetz obtained a permit to sell intoxicating liquors, under the act of February 27th, 1873, and gave bond, as the act required, with Jacob Pauley and Andrew Baldner as their sureties. This action is brought upon said bond, by the State, on the relation of Mary J. Ellison, charging the appellants with improperly selling intoxicating liquors to Charles H. Ellison, her husband, whereby he became drunk and neglected to provide for his said wife and family, and by reason of such intoxication beat and maltreated his said wife, the relatrix, etc.

Demurrer to the complaint, upon the ground that it does not allege facts sufficient to constitute a cause of action. Demurrer overruled, and exception reserved.

Answer by general denial.

Trial by jury, and verdict for appellee. The usual motions, rulings and exceptions were had, and the case brought before us upon the questions of law and fact.

The complaint is founded on the 3d section of the act, *supra*, and, according to precedents settled by this court, we think it is sufficient. *Fountain* v. *Draper*, 49 Ind. 441; *Barnaby* v. *Wood*, 50 Ind. 405; *English* v. *Beard*, 51 Ind. 489.

It is urged by the appellants that the evidence does not support the verdict. It is as follows:

James M. Brown testified:

" I know Charles H. Ellison, husband of plaintiff; was in the habit of becoming intoxicated."

" It was agreed by the parties that the bond was executed, as set out in the complaint."

Mary J. Ellison testified as follows:

" My name is Mary J. Ellison; my husband's name is Charles H. Ellison; I am plaintiff in this case; my husband is a drinking man—is in the habit of getting drunk; he is a drinking man, and spends his money to the injury of his family; my boy is fifteen years old in January, and my babe is two years old; our means of getting along are poor; our clothing is poor; he would be one week sober, and then two or three weeks drunk; I think he spent his money at Schlosser's; after the 4th of July, I went to Schlosser's saloon, in Peru, Indiana, and forbid him selling my husband any thing to drink; he told me he had sold him drinks; the reason why was, it made him mad if he denied him; this conversation was about a week after the 4th of July; he said he knew that he was pretty tight that evening, that he had just gone out of there; he was there quite often after this; I did not see him there, but my boy did; I paid the house rent, twelve dollars per month, for the last four months; I purchased the provisions for four months, amounting to about seven or eight dollars per month; my boy got his own clothes, and I got mine and the baby's clothes; the clothing would amount to about two dollars per month; my husband could earn two dollars per day when he worked; he was not in very good health, but able to work; his ill health, from the time I gave the notice, to the commencement of this suit, was caused by his drinking, and on account of his being drunk; he was put in jail and confined fourteen days; he is now at home; came home last night; has been at New Albany, Indiana; he left here about six weeks since; left no money to live upon; after the notice, he put me out of the house; slapped me and kicked me,

while he was drinking, about every time he would get tight."

Cross-examined by defendants:

"I never saw my husband drink in defendants' saloon, and, of my own knowledge, I do not know that he ever drank a drop there."

Charles Ellison testified:

"I am fifteen years old, in January next; father would get drunk, and be drunk a week or two at a time; I saw my father, Charles H. Ellison, go into defendants' grocery, in Peru, Indiana, since my mother gave the defendants notice, and drink; I was with her when she gave the notice, and drink; I think he drank beer; Mr. Steinmetz sold my father the drink; I saw my father drink there several times."

Cross-examined:

"When my father drank I stood so I could see him; I could not tell what he drank, only it looked like beer; there is a partition between the saloon and the grocery; I stood in the grocery part; the door was open, and I could see him drink in the saloon; this was after my mother gave them notice; nobody sold him but Steinmetz, the defendant."

Here the plaintiff rested.

And the defendants, to maintain their side of the issues in this cause, called George Steinmetz, who, being duly sworn, testified as follows:

"My name is George Steinmetz; I am one of the defendants; after Mrs. Ellison gave us notice, we never sold her husband any intoxicating drinks; he afterwards got drunk, and came into our store; we sold him groceries, but never let him have anything to drink."

Cross-examined by plaintiff:

"After the notice given by his wife, Ellison never got any thing to drink, in our house; I was there most of the time; I did go to my meals; possibly he might have got it then; we have a clerk, sometimes; possibly he could

have got it of him, but not of me; nor do I believe he got any there; we were careful."

Here the defendants rested.

This was all the evidence given in the case.

The bond upon which this action is brought is founded upon section 3d of the act cited, and is "conditioned for the payment of any and all fines, penalties and forfeitures incurred by reason of the violation of any of the provisions of this act, and conditioned further, that the principals and sureties therein named shall be jointly and severally liable, and shall pay to any person or persons any and all damages, which shall in any manner be suffered by or inflicted upon any such person or persons, either in person or property, or means of support, by reason of any sale or sales of any intoxicating liquors to any person, by the person receiving such permit or by any of his agents or employees."

To maintain an action under the 12th section of the act, when the wife sues on account of the intoxication of her husband, she is required to establish the following propositions:

1st.   The intoxication of her husband, habitual or otherwise.

2d.   That she has been injured in person or property, or means of support, in consequence of such intoxication.

3d.   That the intoxication, from which the injury resulted, was caused, in whole or in part, by the selling, bartering or giving intoxicating liquors to her husband, by the defendants.

4th.   In a suit founded on a bond taken under section 3d, the bond must be introduced to the jury as evidence.

The evidence is extremely weak, in some points necessary to maintain the action.   The jury were left merely to an inference as to whether the liquor, sold to the husband by the appellants, was intoxicating or not.   There is no evidence that it was intoxicating; and, as some kinds

of beer are not intoxicating, and the character of this beer was not given, the jury could not know, without evidence, that it was intoxicating. The time at which the sale was made is not stated, except that it was after the notice not to sell had been given to the appellants. For any thing the evidence in the record shows, the sale might have been made after the wife had suffered all the injuries she complains of, and even after the commencement of the suit. Nor is it shown that the liquor sold intoxicated the husband; and whether it contributed, in any part, to the injury of which the wife complains, is left wholly to inference. Besides, the defendant Steinmetz, in his testimony, denies the sale entirely. This evidence can not be overlooked, when the only evidence of sale in the case was, that he, and not the other partner, or any agent, employee or any other person, made the sale. But we do not place our judgment upon the mere *weight* of the evidence; in such cases the presumptions must go with the verdict, and every indulgence must be granted by an appellate court to sustain it; but it will not do to sustain a verdict in a case where there is *no* evidence to a point which is necessary to uphold it. Presumptions and indulgences may strengthen evidence, when there is any to strengthen, but they can not supply evidence which is entirely absent from the case.

The judgment is reversed, with costs.

Cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.