No. 10,017.

### KURZ v. THE STATE.

CRIMINAL LAW.—*Intoxicating Liquor.*—*Gift to Minor.*—*Evidence.*—Where the indictment charges that the defendant unlawfully gave to a person, under the age of twenty-one years, intoxicating liquor, evidence tending to prove a sale of such liquor, or from which such sale might be inferred, will not authorize the defendant's conviction of the offence charged.

SAME.—*Evidence.*—In such a case, where the subject of the gift or sale is. shown to be beer, it devolves upon the State to prove further, that the beer was either a malt liquor, or was, in fact, intoxicating; otherwise the evidence will not be sufficient to warrant a conviction.

From the Clark Circuit Court.

*P. H. Jewett* and *C. L. Jewett*, for appellant.

*D. P. Baldwin*, Attorney General, *L. B. Burke*, Prosecuting Attorney, and *W. W. Thornton*, for the State.

HOWK, J.—In this case the indictment charged, " that on the 15th day of October, 1881, at said county, Richard Kurz did then and there unlawfully sell, barter and give away to John Rauchenberger, Jr., a minor under the age of twenty-one years, intoxicating, spirituous, vinous and malt liquors." On the appellant's motion, the court quashed so much of the indictment as attempted to charge a sale and barter of intoxicating liquors. On arraignment and a plea of not guilty, the

cause was tried by the court and a finding was made that the appellant was guilty as charged in the indictment and assessing his punishment at a fine in the sum of $20. Over his motion for a new trial, and his exception saved, the court rendered judgment on its finding; and from this judgment this appeal is prosecuted.

The only error assigned by the appellant, in this court, is the decision of the circuit court in overruling his motion for a new trial. In this motion the only causes assigned for such new trial were, that the finding of the court was contrary to law, and that it was not sustained by the evidence. It will be observed that the sufficiency of the indictment is not questioned in this court, and, therefore, it is not considered or passed upon.

The evidence on the trial consisted entirely of the testimony of John Rauchenberger, Jr., the minor named in the indictment. His testimony is short, and we give it in full as it appears in the bill of exceptions, as follows: "My name is John Rauchenberger, Jr. I am twenty years old. I am a minor. I know the defendant, Richard Kurz. I was in his saloon on Spring street, in the city of Jeffersonville, Clark county, Indiana, on the 8th day of October, 1881. I drank a glass of beer there. Ed. Winters walked up to the counter and called for two glasses of beer and paid for them. They were placed on the counter by Kurz, and I drank one of them." This was all the evidence given in the cause, and, upon this evidence, the court found the appellant guilty and assessed his fine, etc.

The indictment charged the appellant with the offence, which is defined and its punishment prescribed, in section 187 of the act of April 14th, 1881, concerning public offences, etc., being section 2094, R. S. 1881. This section provides as follows: "Whoever, directly or indirectly, sells, barters, or gives away any spirituous, vinous, malt, or other intoxicating liquors to any person under the age of twenty-one years shall be fined in any sum not more than one hundred dollars nor less than twenty dollars."

The charge in the indictment, after a part of it had been quashed, was, that the appellant gave away to John Rauchenberger, Jr., a minor under the age of twenty-one years, "intoxicating, spirituous, vinous and malt liquors." The question for decision is this: Does the evidence of John Rauchenberger, Jr., set out in full in this opinion, show that the appellant gave away to him any of the liquors named in the indictment? We are of the opinion that this question must be answered in the negative. In section 249 of the criminal code of 1881 (section 1824, R. S. 1881), it is provided, that "A defendant is presumed to be innocent until the contrary is proved. When there is a reasonable doubt whether his guilt be satisfactorily shown, he must be acquitted." It seems to us that the evidence wholly fails to show the appellant's guilt of the charge, in the indictment. It utterly fails to show any gift by the appellant to John Rauchenberger, Jr., and it entirely fails to show a gift of any of the liquors named in the indictment, or in the section of the statute defining the offence. It does not show that the beer, mentioned by the witness, was a malt liquor or that it was an intoxicating liquor. In *Weis* v. *The State,* 33 Ind. 204, it was said: " *Beer* may be, but is not necessarily, a malt liquor, and may not be intoxicating. It devolves on the State, therefore, to prove that the beer sold was either a malt liquor or that it was, in fact, intoxicating liquor. Neither of these facts could be assumed or judicially recognized. As no such proof was made, the evidence was not sufficient to warrant a conviction." To the same effect, substantially, are the following cases: *Klare* v. *The State,* 43 Ind. 483 ; *Lathrope* v. *The State;* 50 Ind. 555 ; *Schlosser* v. *The State, ex rel.,* 55 Ind. 82.

Not only does the evidence fail to show any gift by the appellant to the minor, of the beer, but, as we read the evidence, it shows an absolute sale of the beer by the appellant to Ed. Winters, who paid for the same. Surely, it can not be inferred from this evidence, that, after his sale of the beer to Winters, he gave away the same beer to the minor, Rauchenberger.

Our conclusion is, that the finding of the court was not sustained by the evidence, and that, for this cause, the appellant's motion for a new trial ought to have been granted.

The judgment is reversed, and the cause is remanded, with instructions to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.