No. 11,322.

## MYERS v. THE STATE.

INTOXICATING LIQUOR.—*Sale on Sunday.* — *Beer.*—*Evidence.* — *Cases Over-ruled.*—The courts know judicially that beer is a malt liquor prepared by fermentation, and in view of section 5313, R. S. 1881, proof of a giving of beer, in a prosecution under section 2098, must be held sufficient evidence that intoxicating liquor was given. *Lathrope* v. *State*, 50 Ind. 555; *Schlosser* v. *State, ex rel.*, 55 Ind 82; *Shaw* v. *State*, 56 Ind. 188; *Plunkett* v. *State*, 69 Ind. 68; *Kurz* v. *State*, 79 Ind. 488, overruled on this point.

From the White Circuit Court.

*D. D. Dale*, —— *Stanford*, and *D. Turpie*, for appellant.

*F. T. Hord*, Attorney General, *R. Gregory*, Prosecuting Attorney, and *W. B. Hord*, for the State.

NIBLACK, J.—Indictment against Frank Myers in two counts. The first count charged a sale to Theodore Fickey of intoxicating liquors on Sunday, to be drunk as a beverage. The second count charged the giving of intoxicating liquor to Fickey on Sunday, to be drunk in the same way. Upon a trial by the court, the defendant was found to be guilty of the offence charged in the second count of the indictment, and, in disregard of a motion for a new trial, was adjudged to pay a fine of ten dollars and costs.

Fickey was the only witness examined at the trial. He testified that Myers kept a saloon in the town of Reynolds in White county; that he, witness, with several others, was in Myers' saloon on a Sunday within the time covered by the indictment; that he called for "beer"; that Myers set out a glass of beer for him, and he drank it; that Myers drew the beer from a large keg in the saloon; that the beer frothed and foamed up, and was of a dark color in part, and of a lighter color in other respects; that he did not know what particular kind of beer it was, and could not say that it was an intoxicating drink; that he had never been drunk on beer, and did not know that it was an intoxicating beverage; that he had always supposed that whiskey was the only thing that

would make a man drunk; that he did not know that the beer he drank on the Sunday referred to affected him in any way, but it might have done so a little; that he did not pay for the beer he drank at that time, and did not see any one else pay for it.

It is claimed that the finding of the court was not sustained by the evidence, and that for that reason a new trial ought to have been granted.

The objection urged against the sufficiency of the evidence is that it was not shown, even by the most remote inference, that the beer given to, and drank by, Fickey was an intoxicating drink, and, in support of this objection, several cases are cited as holding that this court will not take judicial notice of the fact that beer of any kind is an intoxicating beverage.

The act of March 17th, 1875, on the subject of the sale of intoxicating liquor, which, with some amendments, is still in force, contains a provision that "The words 'intoxicating liquor' shall apply to any spirituous, vinous, or malt liquor, or to any intoxicating liquor whatever, which is used or may be used as a beverage." R. S. 1881, section 5313.

Webster defines beer to be "A fermented liquor made from any malted grain, with hops and other bitter flavoring matters." In other words, it is a malt liquor, which the same author declares to be "a liquor prepared for drink by an infusion of malt, as beer, ale, porter, etc." It may, therefore, be said that beer is a liquor infused with malt, and prepared by fermentation for use as a beverage. As a consequence when "beer" is called for at a place at which intoxicating drinks are sold, the bartender, having in view the primary meaning, as well as the common use of the word, is justified in inferring and must reasonably infer that malted and fermented beer is wanted. If any other kind of beer is desired, it is expected that qualifying words will be used, such as spruce beer, root beer, small beer, ginger beer, and the

like, thus attaching a remote and secondary meaning to the word "beer," as descriptive of particular beverages.

When, therefore, a witness testifies to the sale or giving away of beer under circumstances which make the sale or giving away of any intoxicating liquor unlawful, the *prima facie* inference is that the beer was of that malted and fermented quality declared by the statute to be an intoxicating liquor, and the court trying the cause ought to take judicial notice of the inference which thus arises from the use of the word "beer" in its primary and general sense. These views are fully sustained by the recent case of *Briffitt* v. *State,* 58 Wis. 39, and to a greater or less extent by the cases of *Commonwealth* v. *Anthes,* 12 Gray, 29 ; *People* v. *Wheelock,* 3 Parker, 9 ; *Nevin* v. *Ladue,* 3 Denio, 43 ; *Board, etc.,* v. *Taylor,* 21 N. Y. 173 ; *State* v. *Goyette,* 11 R. I. 592 ; *Rau* v. *People,* 63 N. Y. 277.

The strongest case relied upon by counsel for the appellant to support their position is that of *Klare* v. *State,* 43 Ind. 483. But that case arose under the act of February 27th, 1873, commonly known as the Baxter Bill, which contained no provision declaring what should· be taken and construed to be intoxicating liquor, and that circumstance is referred to in the opinion as an important, if not significant, omission in view of the fact that the preceding act of March 5th, 1859, on the same general subject, contained such a provision. The subsequent cases relied upon by appellant's counsel appear to have inadvertently followed the case of *Klare* v. *State, supra,* without observing that the act of March 17th, 1875, enacted in effect that malt liquor must be held to be an intoxicating liquor, and without, perhaps, enquiring with sufficient care into the primary meaning of the word "beer," as. used in ordinary parlance ; a meaning to which recently more attention has been given. The subsequent cases thus referred to are *Lathrope* v. *State,* 50 Ind. 555 ; *Schlosser* v. *State, ex rel.,* 55 Ind. 82 ; *Shaw* v. *State,* 56 Ind. 188 ; *Plunkett* v. *State,* 69 Ind. 68 ; *Kurz* v. *State,* 79 Ind. 488.

The construction put upon the evidence in the case of *Klare* v. *State, supra,* can not, as we think, be safely followed in any event, and the same may, with propriety, be said of the older case of *Weis* v. *State,* 33 Ind. 204.

The meaning we have recognized as properly attaching to the word "beer" necessarily leads us to the conclusion that the finding of the circuit court in this case was fairly sustained by the evidence.

The judgment is affirmed, with costs.

Filed Feb. 21, 1884.