Filed June 21, 1884.

---

No. 11,722.

## MULLEN v. THE STATE.

INTOXICATING LIQUOR.—*Selling Without License.*—*Indictment.*—An indictment for selling intoxicating liquor without license, under section 5312, R. S. 1881, which shows a sale of "less than a quart," is sufficient, without alleging that the sale was made *at one time.*

SAME.—*Evidence.*—*Beer.*—An inference by the jury that "beer," sold in a saloon, was malt liquor will not be held unwarranted by the Supreme Court.

From the Monroe Circuit Court.

*J. W. Buskirk* and *H. C. Duncan*, for appellant.

*F. T. Hord*, Attorney General, *J. E. Henley*, Prosecuting Attorney, and *W. B. Hord*, for the State.

NIBLACK, J.—The indictment in this case charged that Pat Mullen, of the county of Monroe, in this State, "on the 20th day of August, A. D. 1883, at said county and State, * * did then and there unlawfully sell to one William Campbell intoxicating liquor in less quantity than a quart, to wit, one gill of beer, at and for the price of five cents, he, the said Pat Mullen, not then and there having a license to sell such intoxicating liquors in a less quantity than a quart at a time."

A motion to quash the indictment being first denied, the circuit court found the defendant guilty as charged and adjudged him to pay a fine of $20.

Section 5312, R. S. 1881, enacts that "It shall be unlawful for any person, directly or indirectly, to sell, barter, or give away, for any purpose of gain, any spirituous, vinous, or malt liquor, in a less quantity than a quart at a time, without first procuring, from the board of commissioners of the county in which such liquor is to be sold, a license as hereinafter provided."

It is claimed that the indictment was essentially defective in not charging that the intoxicating liquor was sold in a less quantity than a quart *at a time*, and that for that reason the circuit court erred in overruling the motion to quash the indictment.

In support of this claim the arguments and illustrations used by this court in the case of *Arbintrode* v. *State*, 67 Ind. 267 (33 Am. R. 36), are relied upon, in connection with other cases holding that generally an offence must be charged substantially in the language of the statute defining it. But the

point really decided in that case was that in charging the unlawful sale of intoxicating liquor in cases like this, it was necessary to use such words as would convey to the mind the definite idea that a sale had been made of a less quantity than a quart, and it was held incidentally that in so charging no particular form of words need be adopted.

The words used in charging the alleged offence in this case were sufficient to convey to the mind the definite idea that less than a quart of beer had been sold at one time to the prosecuting witness, and in that respect nothing more was required.

It is further claimed that the finding of the circuit court was not sustained by the evidence: *First*. Because there was no proof that the beer sold was intoxicating. *Secondly.* Because no particular sale was sufficiently identified.

Campbell, the prosecuting witness, testified that he was acquainted with the defendant in August, 1883; that at that time the defendant was a clerk in Stockwell's saloon, on the Avenue, in Monroe county, in this State; that there were two others clerking there at the same time; that he, witness, bought a glass of beer in the saloon and paid five cents for it; that he thought he bought the beer of the defendant, but it might have been from one of the other clerks; that he was sure that about that time he bought beer of the defendant; that the glass of beer he bought was less than a quart; that he bought more beer about that time from all the bar-keepers in the saloon.

The fair inference from the testimony thus given was that the beer purchased by him was malt beer, and hence intoxicating liquor within the meaning of the statute. *Myers* v. *State,* 93 Ind. 251; R. S. 1881, section 5313.

The evidence was also sufficient to justify the circuit court in finding that a sale of beer had been made by the defendant as charged in the indictment.

The judgment is affirmed, with costs.

Filed June 21, 1884.