Filed March 17, 1885.

———————

No. 12,046.

FENTON v. THE STATE.

INTOXICATING LIQUOR.—*Judicial Knowledge.*—*Blackberry Brandy.*—Courts take judicial notice that brandy is an intoxicating liquor, and the addition of the word " blackberry " to the word " brandy " merely designates a particular kind of brandy.

SAME.—*Sale on Sunday.*—*Evidence.*—*Presumption.*—Evidence that blackberry brandy was sold is sufficient to sustain a conviction for selling intoxicating liquor on Sunday, as the presumption is that the basis of the liquor was brandy.

From the Hamilton Circuit Court.

*W. Garver* and *F. B. Pfaff*, for appellant.

*F. T. Hord*, Attorney General, and *W. B. Hord*, for the State.

ELLIOTT, J.—The evidence in this case shows that the appellant sold to James Frost less than a quart of blackberry brandy on Sunday, the 20th day of July, 1884, but does not show, in direct terms, that the liquor was intoxicating. The appellant insists that he is entitled to a reversal, for the reason that it was not proved that the liquor sold by him was intoxicating. We can not concur in this view.

Brandy is ranked as an intoxicating liquor by writers upon the general subject, and that it is a liquor of that character is generally and commonly known. The fact is, therefore, one of which the courts will take judicial knowledge. The addition to the term "brandy" of the word "blackberry" does no more than designate it as a particular kind of brandy; it does not indicate that the liquor was not brandy of some kind. The natural and reasonable presumption is that the basis of the liquor was brandy, and therefore intoxicating. If it was not the appellant should have shown it. This general subject was so thoroughly examined in *Myers* v. *State*, 93 Ind. 251, that there is no necessity for further discussion. That case, it is proper to add, was followed in the recent cases of *Mullen* v. *State*, 96 Ind. 304; *Stout* v. *State*, 96 Ind. 407.

We can not reverse the judgment, because the trial court believed the testimony of the witness Frost, and did not believe that given by the appellant.

Judgment affirmed.

Filed Feb. 20, 1885.