No. 12,923.

## DANT v. THE STATE.

INTOXICATING LIQUOR.—*Sale.*—*Gift.*—*Delivery.*—The delivery of property
to another, upon request, for his use, *prima facie* imports a sale rather
than a gift.

SAME.—*Sale on Sunday.*—*Evidence.*—For evidence held sufficient to sustain
a charge of having *sold* intoxicating liquor on Sunday, and as not show-
ing a *gift* of the same, although no consideration was paid, see opinion.

SAME.—*"Beer."*—*Variance.*—Where the evidence merely shows a sale of
"beer," and not "lager beer," as charged in the indictment, the infer-
ence is that it is of the quality declared by the statute to be an intoxi-
cating liquor, and there is no variance.

From the Knox Circuit Court.

*J. S. Pritchett,* for appellant.

*F. T. Hord,* Attorney General, and *W. B. Hord,* for the
State.

MITCHELL, J.—Dant was indicted and found guilty in the
court below, of having unlawfully sold intoxicating liquor
upon Sunday, in violation of section 2098, R. S. 1881.

The only question made here is as to the sufficiency of the
evidence to sustain the finding. There was but one witness
examined, and the part of his evidence material to the in-
quiry was as follows:

"In June, 1885, Murphy kept a liquor saloon in the city
of Vincennes, Knox county, Indiana, and one Sunday, in
June, 1885, I went into that saloon of Murphy's; the de-
fendant Dant was in the saloon and standing behind the bar;
I asked Dant to let me have a glass of beer; he then took a
tumbler and drew it full of beer from a keg in the saloon,
and handed it to me, and I drank the beer; I did not re-
quest Dant to give me the beer, and when I drank it I did not
pay for it, or tell him to charge it to me; I had got beer
there before and always paid for it and ran no account at the
saloon; Dant was one of Murphy's bartenders; the usual
price of a glass of beer is five cents."

A reversal is insisted upon on the ground that the evidence

does not support the charge. It is said the only proper inference from the facts detailed is that the delivery of the beer constituted a gift, and not a sale as charged.

It is argued, moreover, that because the transaction was on Sunday, the presumption that the delivery of the beer was in pursuance of a contemplated gift, is stronger than if it had occurred in the usual course of business on a secular day.

We recognize the rule, that where an act is equally susceptible of two interpretations, one involving a wrongful or unlawful purpose, and the other favoring innocence and a compliance with law, that which attributes innocence rather than a purpose to violate the law is preferred. Since, however, it was in this instance a violation of the law in any event, whether the beer was sold or given away, we are unable to perceive any room for the application of the rule. It might have been urged with equal propriety, if the indictment had charged a gift instead of a sale, that it should be presumed, in favor of innocence, that it was a sale and not a gift.

The transaction as detailed is, therefore, to be regarded as in every aspect a violation of the statute, the only question being, does the evidence support the charge as laid? As we can perceive no reason why the bartender should prefer to violate the law by giving away his employer's property, rather than by selling it, and as the delivery of property to another upon request, for his use, *prima facie* imports a sale, rather than a gift, we think the inference drawn by the court, that the transaction constituted a sale, was fully justified.

That the witness testified that the beverage was beer, without adding the qualifying word "lager," as charged in the indictment, was not a variance. The inference is that the "beer" sold was of that malted and fermented quality declared by the statute to be an intoxicating liquor. *Myers* v. *State*, 93 Ind. 251; *Fenton* v. *State*, 100 Ind. 598, and cases cited.

The judgment is affirmed, with costs.

Filed March 26, 1886.