Filed Nov. 13, 1891.

———◆———

No. 406.

THE STATE v. JONES ET AL.

INTOXICATING LIQUOR.—*Judicial Knowledge as to what is.*—*Indictment.*—*Sufficiency of.*—In a prosecution for the unlawful sale of whiskey, an indictment is sufficient which alleges "the unlawful sale of one gill of whiskey," without alleging that the whiskey sold was intoxicating liquor. The word "intoxicating" may be omitted if the liquor charged as having been sold unlawfully is such that the court judicially knows that it possesses the intoxicating quality.

From the Boone Circuit Court.

*H. P. New*, Prosecuting Attorney, for the State.

NEW, C. J.—This was a prosecution by indictment against the appellees, upon a charge of unlawfully selling "whiskey" on Christmas day. Section 2098, R. S. 1881.

Upon the motion of the appellees, the indictment was quashed. The State appeals to this court.

We have not been favored with a brief from the counsel for the appellees, but are informed by the brief of the prosecuting attorney that the only objection made to the indictment, and the one on which the court based its ruling upon the motion to quash, was, that the indictment charged the appellees with the unlawful sale of one gill of whiskey, without alleging that the whiskey sold was "intoxicating. liquor," the words used in the statute.

It is sufficient to allege merely that the liquor sold was intoxicating, without specifying the particular kind. On the

other hand, the word "intoxicating" may be omitted, if the liquor charged as having been sold unlawfully is such that the court judicially knows that it possesses the intoxicating quality, such liquor, for example, as whiskey.    *Carmon* v. *State,* 18 Ind. 450; *Eagan* v. *State,* 53 Ind. 162; *Schlicht* v. *State,* 56 Ind. 173; *Klare* v. *State,* 43 Ind. 483, where *Carmon* v. *State, supra,* is approvingly referred to.   See, also, *Myers* v. *State,* 93 Ind. 251; *Mullen* v. *State,* 96 Ind. 304; *Stout* v. *State,* 93 Ind. 150; *Fenton* v. *State,* 100 Ind. 598; *Dant* v. *State,* 106 Ind. 79; *Callahan* v. *State,* 2 Ind. App. 417; *Commonwealth* v. *Peckham,* 2 Gray, 514; Gillett Crim. Law, section 591.

The court below erred in sustaining the motion to quash.

The judgment is reversed, at the costs of the appellee; cause remanded, with instructions to overrule the motion to quash the indictment, and for further proceedings.

Filed Nov. 13, 1891.