## DOUGLAS *v.* THE STATE.

[No. 2,845.   Filed December 15, 1898.]

INTOXICATING LIQUORS.—*Instructions.*—*Courts Know Judicially that Beer is Intoxicating.*—In a prosecution for selling "intoxicating liquors, to wit, beer" in a less quantity than a quart at a time in, violation of section 7285, Burns' R. S. 1894, no error was committed in instructing the jury that the question as to whether beer is an intoxicating liquor was not one for their determination, as courts take judicial notice that beer is intoxicating.   *pp. 302-305.*

TRIAL.—*Misconduct of Attorney.*—A cause will not be reversed on account of an objectionable statement made by the prosecuting attorney in his argument to the jury which was excepted to by defendant's counsel and assigned as a cause for a new trial, where the court at the time admonished the prosecuting attorney to keep within the evidence, and cautioned the jury not to consider such statement, and where no exception was taken to such action of the court, it not appearing that defendant was prevented from having a fair trial on account of such statement.   *pp. 305, 306.*

From the Morgan Circuit Court.   *Affirmed.*

*A. M. Bain* and *Oscar Matthews*, for appellant.

*W. A. Ketcham*, Attorney-General, and *Merrill Moores*, for State.

BLACK, C. J.—Under the provision of the statute, section 7285, Burns' R. S. 1894 (5320, Horner's R. S. 1897), that "any person, not being licensed according to the provisions of this act, who shall sell or barter, directly or indirectly, any spirituous, vinous, or malt liquors in a less quantity than a quart at a time, * * * shall be deemed guilty of a misdemeanor," etc., the appellant was indicted for a sale of "intoxicating liquors, to wit, beer," and was convicted.   The overruling of appellant's motion for a new trial is the only alleged error discussed before us.   The evidence showed that the liquor was sold as and under the name of "hop ale," from a bottle having thereon a label bearing that name.   There

was evidence (contradicted by other evidence) that the liquor was, in fact, beer, and that it was intoxicating. The court, in one of its instructions, adopting a definition approved in *Myers* v. *State*, 93 Ind. 251, stated that "beer," in the estimation of the law, is fermented liquor, made from any malted grain, with hops or other bitter flavoring matter. In the same instruction the court indicated to the jury that only a sale of beer as charged in the indictment could sustain a verdict of guilty. In a subsequent instruction, to which objection is made, the court said: "It is claimed by the defendant that the liquor on the occasion referred to in the indictment was hop ale, which is not intoxicating. As heretofore stated, the question for you to determine is not whether hop ale was sold, or whether hop ale is intoxicating, or whether beer is intoxicating, but your attention must be directed to the fact whether the liquor called hop ale was, in fact, beer, and whether it was sold as charged in the indictment." It is provided by the statute, section 7277, Burns' R. S. 1894 (5313, Horner's R. S. 1897), that "the words 'intoxicating liquor' shall apply to any spirituous, vinous, or malt liquor, or to any intoxicating liquor whatever, which is used or may be used as a beverage." "When in an act, it is declared that it shall receive a certain construction, the courts are bound by that construction, though otherwise the language would have been held to mean a different thing." *Smith* v. *State*, 28 Ind. 321, 325; *State, ex rel.*, v. *Harrison*, 116 Ind. 300, 306; Black Interp. of Laws, 191. In *Wiles* v. *State*, 33 Ind. 206, concerning proof that the liquor sold was ale, it was said: "The statute declares, that the words 'intoxicating liquors' as used in the act apply to any spirituous, vinous, or malt liquors, etc., and the courts will judicially recognize the fact that ale is a

malt liquor, and its sale by retail inhibited, without a license." The courts take judicial notice that whisky, beer and gin are intoxicating. *Wasson* v. *First Nat. Bank,* 107 Ind. 206, 219; *State* v. *Jones,* 3 Ind. App. 121. In *Myers* v. *State, supra,* it was said, that when a witness testifies to the sale or giving away of beer, under circumstances which make a sale or giving away of intoxicating liquor unlawful, "the *prima facie* inference is that the beer was of that malted and fermented quality declared by the statute to be an intoxicating liquor, and the court trying the cause ought to take judicial notice of the inference which thus arises from the use of the word 'beer' in its primary and general sense;" that, under the statute, "malt liquor must be held to be an intoxicating liquor," and that the word "beer," as used in ordinary parlance, is to be taken, as matter of law, in its primary meaning of a malt liquor. See, also, *Mullen* v. *State,* 96 Ind. 304; *Stout* v. *State,* 96 Ind. 407; *Dant* v. *State,* 106 Ind. 79. In *Welsh* v. *State,* 126 Ind. 71, the affidavit charged a sale of "beer" without alleging that it was intoxicating, or that it was malt beer. It was held that the affidavit charged a sale of "malt liquor, which is declared by our statute to be within the words 'intoxicating liquor.'" There was evidence in the case now before us that the liquor sold was "hop ale," and was not, in fact, intoxicating, and some witnesses testified that it was not beer. There was no evidence otherwise that it was not of malted and fermented quality. The testimony that it was beer furnished evidence that it was a malt liquor, and the jury, by the verdict of "Guilty as charged in the indictment," found that it was beer; and, under the statute, a sale of beer,—that is, of malt liquor,—as described in the indictment, is unlawful. The statute says, in effect, that any malt

liquor must be regarded as a liquor whose sale as described in the indictment is punishable. The mere question, then, as to whether beer is an intoxicating liquor, is not one for the determination of the jury in a case arising under this statute. If the court, as matter of law, must know that beer is a malt liquor, it is not necessary to a conviction for the jury, besides finding a sale of beer, to find also, as a matter of fact, that beer—that is, malt liquor—is intoxicating. Upon an examination of the evidence as to its sufficiency, and of the instructions given and those refused, we do not find any available error or any matter which seems to be of sufficient importance for further discussion.

One of the causes assigned in the motion for a new trial was misconduct of the prosecuting attorney in his closing argument to the jury, "wherein he made the following statement to the jury: 'He (meaning defendant) run a notorious quart shop; citizens of your town and community had to mortgage their homes, and the county was put to a great expense in sending to Dakota to bring back an absconding fugitive from justice.'" A bill of exceptions shows that, during the closing argument of the prosecuting attorney he made the statement above quoted to the jury, "to which statement of the prosecuting attorney counsel for defendant, at the time, excepted, and the court, at the time, admonished the prosecuting attorney to keep within the evidence, and cautioned the jury not to consider anything said by the prosecuting attorney or attorneys for the defendant outside of the record." This is all that is shown in the record concerning the matter. When the objectionable remark was made by the prosecuting attorney, the appellant "excepted," not stating any ground of

objection; but thereupon the court responded by the admonition to the prosecuting attorney and the caution to the jury. No exception was taken to this action of the court, and nothing further was requested by the appellant in the premises. It does not appear that the prosecuting attorney did not obey the admonition, and it must be presumed that he did obey, and also that the jury observed the advice of the court. The conduct of the prosecuting attorney in referring to matters not in evidence was unwarranted and reprehensible; but it is shown that action of the court which the appellant does not appear to have regarded as inadequate was taken at the time, which was proper and adapted to prevent the injury which the misconduct would probably produce, the court responding to the appellant's "exception" in such manner and with such fullness as he desired, so far as appears. It is not error of the court that is assigned in the motion, but the misconduct of the prosecuting attorney, which was corrected by the court, to the apparent satisfaction of the appellant; and we cannot conclude that the injury which might otherwise be presumed was not averted by the action of the court. We need not decide whether any further action of the court would have been proper, if asked by the appellant. We will not suppose that the appellant was prevented from having a fair trial because of this matter. See *Combs* v. *State,* 75 Ind. 215; *Morrison* v. *State,* 76 Ind. 335; *Bessette* v. *State,* 101 Ind. 85; *Epps* v. *State,* 102 Ind. 539; *Brow* v. *State,* 103 Ind. 133; *Shular* v. *State,* 105 Ind. 289, 55 Am. Rep. 211; *Norton* v. *State,* 106 Ind. 163; *Coleman* v. *State,* 111 Ind. 563; *Jackson* v. *State,* 116 Ind. 464; *Grubb* v. *State,* 117 Ind. 277; *Drew* v. *State,* 124 Ind. 9. Judgment affirmed.