## APPROPRIATION PROCEEDING TREATED AS AN ACTION IN EJECTMENT.

Circuit Court of Cuyahoga County.

VIOLA M. NICHOLS v. CITY OF CLEVELAND.

Decided, December 4, 1911.

*Appeal—Injunction Against Municipality in Appropriation Proceeding.*

1. An appellate court may of its own motion dismiss an appeal for want of jurisdiction, when it is discovered before trial and judgment that the cause is not appealable.
2. An action to restrain a municipal corporation from proceeding with an appropriation case, where it appears that the municipality, under a former order, which had been reversed, deposited the amount found by the jury, gave bond and took possession of the land and improved it, is in reality an action in ejectment, and is not appealable.

*Squire, Sanders & Dempsey,* for plaintiff in error.
*Newton D. Baker,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

Upon the hearing of this cause, the court, *sua sponte,* raised the question of its appealability. That an appellate court will of its own motion dismiss an appeal for want of jurisdiction, when it is discovered before trial and judgment that the cause is not appealable, was held in *Jordan* v. *Jordan,* 8 C. C., 431; see, also, *Hulbert et al* v. *Mason,* 29 Ohio State, 562, 565.

This action was commenced in the court of common pleas to enjoin the further prosecution of an appropriation proceeding in the probate court, upon the ground that the resolution to appropriate, on which the city assumes to found said proceeding, was passed by a city park board organized under an unconstitutional act.

The plaintiff does not deny, but impliedly admits, that the city, having prosecuted said proceeding to judgment, and having made the deposit and given the bond provided for by law, thereupon took and has ever since retained possession of said

property, and has greatly improved and enhanced the value thereof. She further alleges that said judgment having been reversed, and various subsequent proceedings had therein, the case now stands for trial again in said probate court, where the city will again prosecute it to judgment unless enjoined from so doing. The petition also sets out the grounds on which said proceeding is claimed to be void, and prays that the city be enjoined from further prosecuting the same and from interfering with plaintiff's peaceable possession and enjoyment of said premises.

The city's answer pleads various matters of defense, but neither prays nor alleges grounds for affirmative relief. No reply was filed. The first question before us then is whether this cause on the face of the pleadings is not in substance and effect an action for the recovery of the possession of real estate, or in other words, ejectment. If so, it is not appealable.

In *The Atlantic & Great Western Railroad Company* v. *Robbins*, 35 Ohio State, 531, it was held that:

"The owner of land which has been unlawfully and wrongfully taken and appropriated to its use by a corporation authorized by law to appropriate land, can not maintain any action for the value of the land so taken and appropriated, and also damages accruing by reason of such taking and appropriation, if the circumstances are such that he may recover compensation and damages, by special proceedings under Section 21 (69 Ohio L., 88, 95, Rev. Stat., 6448-6450), or the land itself, as in other cases of unlawful entry."

In other words, as Johnson, J., says at page 540, "the owner has his election." He may seek his remedy against the intruding corporation either by acquiescing in the wrongful appropriation and claiming compensation for the land taken; or by asserting his own title thereto, maintain, unless estopped, his action to recover possession of the same. In *Bothe* v. *Dayton & Michigan Railroad Company*, 37 Ohio State, 147, it was held, in the circumstances of that case, that he could maintain his action.

As against a municipal corporation an analogous alternative is open to any one similarly aggrieved, though in such case the

action for compensation is not statutory (*Longworth* v. *Cincinnati,* 48 Ohio State, 637).   There Speàr, J., at page 640, says:

"It would appear to be common sense to say that where an owner discovers that a municipal corporation has seized his land and appropriated it to the use of a street, without process or payment, he may have his option either to repudiate the unlawful act and reclaim the land, or assent to the seizure, ratify the act, and demand compensation, yielding to the corporation title to the land so taken.   And we know of no rule of law which prevents the exercise of such option."

In that case the plaintiff was permitted to have his action for compensation.   And it is now held that the same kind of an action may be maintained against any corporation, public or private, which has wrongfully taken lands that it might have appropriated.   Says Spear, J., in *Fries* v. *Railway Co.,* 56 Ohio State, 135, at page 138:

"Under these circumstances, what remedy, or remedies, after the company had neglected and refused to pay, were open to plaintiff?   Might he (1) resort to ejectment?   Or (2) could he compel an appropriation under the statute?   Or (3) was he confined to a suit to recover compensation"?

The plaintiff in that case having rightly considered that under the circumstances he was estopped to maintain ejectment, he elected the third course, and the court upheld his choice of remedy, saying at page 144, that he "had an election to proceed under the statute and compel an appropriation, or affirm the appropriation in fact made by the company, and tendering conveyance, recover compensation."

It is clear that injunction will not lie to prevent an unlawful appropriation of land by a public corporation to its public use, after the land has in fact been taken, used and improved (*Goodin* v. *Canal Co.,* 18 Ohio State, 169, 179).   "It is a question," says Welch, J., "which the plaintiffs are not in a position to raise."

These precedents clearly define the range of relief which a plaintiff in such circumstances may have.   We can not escape the conclusion that the case at bar falls within the rule of *Raymond* v. *The T., St. L. & K. C. R. R. Co.,* 57 Ohio State, 271.

The fourth paragraph of the syllabus in that case is as follows:

"A petition against a railroad company by one out of possession of real estate, which alleges title and right to entry and possession by defendant, and prays that the defendant may show his interest therein, that it may be adjudged null and void, and that judgment for the possession of the property may be awarded plaintiff, and defendant enjoined from interfering therewith until compensation is made, states a case for the recovery of specific real property, notwithstanding the petition also contains allegations of threatened irreparable damage, as a ground for relief by perpetual injunction, and of a dispute as to boundary lines, as a ground for action by the court in settlement of such dispute, and of a dispute as to title as a ground for asking that plaintiff's title be quieted. Such action, being one in which either party may demand a jury, is not appealable."

The plaintiff here, it is true, does not in terms ask to be restored to possession of her land; but her prayer to be protected in the possession thereof is tantamount to praying that she be put into possession. And since an action either of ejectment or for compensation is her only alternative in seeking relief under the facts of this case, it must be presumed that she has pursued one or the other. As between the two, this is plainly ejectment. The plaintiff might, indeed, have had an injunction by way of primary, instead of ancillary, relief, if she had seasonably sought that remedy to protect her possession from an unlawful exercise of the right of eminent domain. But the possession of her land having fully passed to the city, under color of right, she can no longer regain it by such means. To recover possession she must maintain ejectment; and that, we hold, is what she has sought to do. But ejectment is a jury action; and having unavailingly pursued that remedy in the court of common pleas, her sole means of review is through a proper proceeding in error and not by way of appeal.

For want of jurisdiction, the appeal is therefore dismissed.