COMMONWEALTH *vs.* JOHN CHAPPEL.

Franklin.　September 14. — 18, 1874.　WELLS & MORTON, JJ., absent.

The sale of cider at a public bar and to be drunk on the premises is not an offence
under the St. of 1869, *c.* 415, without proof that the cider is intoxicating.

COMPLAINT under the St. of 1869, *c.* 415, §§ 31, 36, for the
illegal keeping of intoxicating liquors.　At the trial in the Supe-
rior Court, before *Brigham*, C. J., the evidence tended to show
that the defendant occupied the lower story of a three story build-
ing as an eating-house, and therein kept a bar, and sold hop
beer and cider by the glass.　Evidence was also introduced to
show that he kept and sold whiskey, which need not be stated
in detail.

The jury, after receiving instructions which were not excepted
to, and retiring, came into court and asked for instructions as to
whether selling a glass of cider was an offence.　The presiding
judge instructed them that sales of cider at a public bar, by the
glass, to be drunk on the premises, was a violation of the statute,
and would warrant a conviction.　The jury returned a verdict
of guilty, and the defendant alleged exceptions.

*T. B. O'Donnell*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

GRAY, C. J.　The St. of 1869, *c.* 415, §§ 31, 36, on which
this complaint is founded, prohibits the keeping with intent to
sell of " any spirituous or intoxicating liquor."　Section 30 of
this statute declares that " ale, porter, strong beer, lager bier, and
all wines, shall be considered intoxicating liquors within the
meaning of this act, as well as distilled spirits ; but this enumer-
ation shall not prevent any other pure or mixed liquors from
being regarded as intoxicating."　This enumeration omits cider,
which had been expressly specified in the former statutes, under
which sales of cider, though not proved to be intoxicating, were
held to be unlawful.　St. 1855, *c.* 215, § 1.　Gen. Sts. *c.* 86, § 28.
St. 1868, *c.* 141, § 21.　*Commonwealth* v. *Dean*, 14 Gray, 99.
*Commonwealth* v. *Shea*, 14 Gray, 386.　Cider is not named in
the St. of 1869, except in § 26, which provides that " all intoxi-
cating liquors, other than cider, malt liquors, and wines," contain-
ing less than a certain proportion of alcohol, shall be considered

adulterated ; and in § 29, which provides that "any person may manufacture cider, or may sell or keep for sale cider, where the same is not sold, or kept with intent to be sold, at a public bar or to be drank on the premises." It is impossible, consistently with any known or just rule of interpretation of penal statutes, to infer from the provisions of this act, what is certainly not expressed therein, that a sale of cider at a public bar or to be drunk on the premises is an offence, without regard to the question whether it is or is not intoxicating. The effect of all these provisions, viewed together and in relation to one another, is, that cider is not one of the liquors expressly declared to be intoxicating ; that it may, like any other liquor not enumerated, be proved to be intoxicating ; that all cider, whether intoxicating or not, may be sold or kept for sale except at a public bar or to be drunk on the premises ; and that a sale of cider within this exception is unlawful if the cider is proved to be intoxicating, and not otherwise. As the instructions given to the jury would lead them to infer that a sale of any cider whatever at a public bar and to be drunk on the premises was unlawful, the

*Exceptions must be sustained.*