STATE *vs.* MARY STARR.

York. Decided April 30, 1877.

*Trial.*

R. S. c. 27, § 22, enacts that "ale, porter, strong beer, lager beer and all other malt liquors shall be considered intoxicating liquors within the meaning of this chapter, as well as all distilled spirits." *Held,* that the question "what is the malt liquor intended by and embraced in the statute and prohibited from sale," is one of fact for the jury and not one of law for the court.

ON EXCEPTIONS, in two cases considered together.

INDICTMENT, for keeping a drinking-house and tippling-shop; also an indictment for being a common seller of intoxicating liquors. The exceptions are the same in both cases.

To sustain the issue the government introduced evidence tending to show the sale of an article called "Stanley's Hop Beer."

This article the government contended was a malt liquor within the meaning of R. S. c. 27, § 22, which proposition was denied by the respondent.

The respondent's counsel requested the presiding justice to instruct the jury:

1. What is the malt liquor intended by and embraced in the statute and prohibited by the statute from sale?

2. That the statute does not mean every kind of liquor that has the smallest appreciable amount of malt in it.

3. That malt must form a substantial part of the liquid.

4. That unless the liquid contains the usual and ordinary amount of malt used in the manufacture of the malt liquors enumerated in the statute it is not deemed intoxicating by the statute.

5. That unless the liquid contains the usual and ordinary amount of malt used in the manufacture of such of those malt liquors enumerated in the statute as contain the least amount of malt, it is not a malt liquor within the statute.

The first requested instruction he declined to give or comply with, and said he must leave that question to the jury.

The second and third requests he declined to give, stating he must leave those matters to the jury to determine what would be

malt liquors, and for the jury to determine if the liquors sold were malt liquors. The fourth and fifth he declined to give without any comment concerning them.

The respondent's counsel requested the presiding justice to instruct the jury that a single sale of intoxicating liquor, and allowing the same to be drank on the premises where sold, does not constitute the offence of keeping a drinking-house and tippling-shop. This the presiding justice declined to give, and stated to the jury that such an act did constitute the offense, and read to them section 31 of chapter 27 of the revised statutes.

The verdict was for the state ; and the defendant alleged exceptions.

*R. P. Tapley,* for the defendant.

*W. F. Lunt,* county attorney, for the state.

LIBBEY, J. These cases are indictments, one for being a common seller of intoxicating liquors, the other for keeping a drinking house and tippling-shop. The exceptions are the same in both cases and therefore they are considered together.

To sustain the issue, the government introduced evidence tending to show the sale of an article called "Stanley's Hop Beer." This article the government contended was a malt liquor within the meaning of § 22, c. 27, of the revised statutes, which was denied by the respondent. The statute referred to declares that "ale, porter, strong beer, lager beer and all other malt liquors shall be considered intoxicating liquors within the meaning of this chapter, as well as all distilled spirits." All the requested instructions which are relied upon by the counsel for the respondent are based upon the ground that it was the duty of the court to instruct the jury as matter of law, what is the "malt liquors" intended by the statute, and embraced in, and prohibited by it. We think they were properly refused. The term malt liquor is a general term, embracing several kinds of liquor ; what liquors are embraced in it, as well as the mode of their manufacture and the ingredients of which they are composed, is a question of fact for the jury, and not of law for the court. In every case in which the question is involved, it is competent for both parties to show by proper evidence, what a

malt liquor is, how it is manufactured and of what it is composed, and also to show whether the particular liquor in controversy is or is not a malt liquor, and the jury must determine the issue upon the evidence. The court might as well be required to instruct the jury as matter of law, what liquors are embraced in the term ale, or distilled spirits. The question is the same in principle as that which would arise under the same section of the statute, if the liquor sold was one not therein specifically declared to be intoxicating, but claimed to be intoxicating by the government. In such case it is well settled in this state and in Massachusetts, that what is an intoxicating liquor and whether the liquor sold was intoxicating or not are questions of fact to be determined by the jury upon the evidence in the case. *State* v. *Wall,* 34 Maine, 165. *Commonwealth* v. *Chappel,* 116 Mass. 7. *Commonwealth* v. *Blos. id.* 56.            *Exceptions overruled.*

APPLETON, C. J., DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.