CHARLES HANSBERG

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa November 13, 1886.*

1. INTOXICATING LIQUORS—*whether "beer" is to be so regarded.* The term, "intoxicating liquors," as used in section 6 of the Dram-shop act, and which provides a punishment for sales or gifts thereof to minors, etc., means spirituous, malt or vinous liquors. Proof of the sale of "beer," without showing what kind of beer it was, or whether it was malt, vinous or spirituous, is not sufficient to sustain an indictment under that section.

2. The statute prohibits the sale of intoxicating liquors, only, and not "beer," by that name. There being some kinds of beer which are neither a malt liquor nor intoxicating, to convict for a sale of "beer" it must be shown that it is one of the liquors named in the statute.

3. INSTRUCTION—*should be based on evidence.* An instruction without any evidence on which to base it, is calculated to mislead, and is erroneous. Where there is no evidence that a defendant has sold intoxicating liquor, under an indictment for that offence, it is error to instruct the jury to find him guilty, if they believe, from the evidence, that he has sold such liquors.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Kane county; the Hon. C. W. UPTON, Judge, presiding.

Messrs. RUBENS, McGAFFEY & AMES, for the appellant:

Whether certain beer is malt or intoxicating, is a question of fact, and when the law does not specifically name beer among the liquors the sale of which it prohibits, no conviction can be had without proof that the beer sold comes within the provisions of the statute. *Lathrop* v. *State*, 50 Ind. 555; *State* v. *Chappel*, 116 Mass. 7; *Commonwealth* v. *Blas*, id. 56; *State* v. *Starr*, 67 Me. 242; *State* v. *Wall*, 34 id. 165; *People* v. *Ziegler*, 6 Park. Crim. 355; *State* v. *Biddle*, 54 N. H. 379; *Kurz* v. *State*, 79 Ind. 488; *Klare* v. *State*, 43 id. 483.

Mr. GEORGE HUNT, Attorney General, for the People:

The only question raised in this case is, is "beer," *per se*, intoxicating, or is it malt liquor, within the meaning of the Dram-shop act. We have discussed this question in *Birr* v. *People*, 113 Ill. 645, to which we refer. See, also, *Godfreidson* v. *People*, 88 Ill. 284, and *Bandalow* v. *People*, 90 id. 218.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an indictment against Charles Hansberg, for a violation of section 6 of chapter 43, of an act entitled "Dram-shops," which is as follows: "Whoever, by himself, or his agent or servant, shall sell or give intoxicating liquor to any minor, without the written order of his parent, guardian or family physician, or to any person intoxicated, or who is in the habit of getting intoxicated, shall, for each offence, be fined not less than $20 nor more than $100, and imprisoned in the county jail not less than ten nor more than thirty days." The indictment contained six counts, in each of which the defendant was charged with selling intoxicating liquor to

a minor, in violation of the statute. To the indictment the defendant pleaded not guilty, and on a trial before a jury he was found guilty in manner and form as charged in the second and third counts of the indictment. The court overruled a motion for a new trial, and entered a fine of $100 against the defendant for each offence of which he had been found guilty.

The violation of the statute for which a fine is imposed, consists in selling or giving intoxicating liquors to a minor without the written consent of the parent, etc. What was intended by the term "intoxicating liquors," as used in the section under which the indictment was passed, will be found in section 1 of the act, as follows: "That a dram-shop is a place where spirituous or vinous or malt liquors are retailed by less quantity than one gallon, and intoxicating liquors shall be deemed to include all such liquors within the meaning of this act." Here the defendant was indicted for selling to a minor intoxicating liquor,—that is, spirituous, vinous or malt liquor. It was not proven, on the trial of the cause, that the defendant had sold spirituous, vinous or malt liquors, or lager beer, but the proof, and only proof, was, that he had sold "beer." No evidence whatever was offered or admitted for the purpose of explaining or showing what "beer" was made of, or what its characteristics were, or whether it was malt, vinous, spirituous or intoxicating. On all of these matters the jury were left without evidence, and entirely in the dark. Under such circumstances, was the court authorized in instructing the jury, as was done, that they should find the defendant guilty, if they found, from the evidence, that he had sold intoxicating liquors, as charged in the second and third counts of the indictment?

It is a familiar rule, that instructions must be based upon the evidence, and unless there was some evidence before the jury that the defendant had sold intoxicating liquors, it was error to so instruct, as an instruction, where there is no evidence whatever upon which it can be predicated, is calculated

to mislead. It was not enough for the People to prove merely that the defendant sold "beer" to a minor, because section 6 of the Dram-shop act was only violated by a sale of intoxicating liquors, and what is included in and known as ":beer," is not necessarily an intoxicating liquor. In Webster's Unabridged Dictionary we find the following definition of the word "beer:" "1. A fermented liquor, made from any malted grain, with hops and other bitter flavoring matters. 2. A fermented extract of the roots and other parts of various plants, as, spruce, ginger, sassafras, etc. Beer has different names, as, small beer, ale, porter, brown stout, lager beer, etc., according to its strength or other qualities."

From the definition of the word "beer," given, can it be said that the article purchased was an intoxicating liquor? Suppose the "beer" purchased was made of spruce, of ginger, or sassafras; according to the definition of Webster it would have been beer, and yet not an intoxicating liquor, and the statute would not have been violated by its sale. The fact is beyond dispute that there are different kinds of beer. Some are intoxicating, others not. Whether beer which may be sold in a given case is malt or intoxicating beer, or ginger or root beer, or some other of the various kinds of beer which are known not to be intoxicating, is always a question of fact, to be determined from the evidence introduced on the trial. Our statute does not prohibit the sale of beer. If it did, it would be sufficient for the prosecution to prove a sale of beer, just as was done in this case. But unless the language is to be disregarded, the statute prohibits the sale of intoxicating liquor, and when beer has been sold, it is necessary to show, by the evidence, that the article sold falls within the prohibition of the statute, otherwise a conviction can not be sustained. Had the proof been that the beer was intoxicating, as held in *Godfreidson* v. *The People*, 88 Ill. 284, or that it was lager beer, as ruled in *Bandalow* v. *The People*, 90 Ill. 218, the instruction would have been proper, and the con-

viction right. But such was not the case. The following authorities are in point on the question involved. *Lathrop* v. *The State,* 50 Ind. 555; *Klare* v. *The State,* 43 id. 435; *The State* v. *Chappel,* 116 Mass. 7; *Commonwealth* v. *Blas,* id. 56; *The State* v. *Starr,* 67 Me. 242; *The State* v. *Wall,* 34 id. 165; *The State* v. *Riddle,* 54 N. H. 379; *Kins* v. *The State,* 79 Ind. 488.

In the last case cited, under an indictment which charged that defendant unlawfully gave to a person under the age of twenty-one years, intoxicating liquor, where the gift was proven to be "beer," quoting from a former case the court said: "Beer may be, but is not, necessarily, a malt liquor, and may not be intoxicating. It devolves on the State, therefore, to prove that the beer sold was either a malt liquor, or that it was in fact intoxicating liquor. Neither of these facts could be presumed, or judicially recognized." The other cases cited, will, also, upon examination, be found to be in harmony with the views we have expressed.

The rule here indicated imposes no hardship upon the prosecution. If the beer sold in this case was malt or intoxicating liquor, that fact might have been proven by a single question propounded to the witness on the stand. Under the evidence, as shown by the record, we think the first instruction given for the People was calculated to mislead the jury.

The judgments of the Appellate and circuit courts will be reversed, and the cause remanded.

*Judgment reversed.*

SCOTT, C. J., and SHELDON, J., dissenting.