### George Hertel v. People of State of Illinois.

1. INTOXICATING LIQUORS—*Cider is, When it Intoxicates.*—The fact that cider intoxicates the persons to whom it is sold is conclusive proof that it is intoxicating liquor of the kind against which Chapter 43, R. S., entitled "Dram Shops," is aimed.

2. CIDER—*When Within the Meaning of the Dram Shop Act.*—The mere fact that cider is the product of fruit grown upon a farm furnishes no immunity to the producer from the penalties of the statute (Ch. 43, R. S., Dram Shops,) for unauthorized sales.

**Indictment,** for selling intoxicating liquors without a license. Trial in the Circuit Court of Lake-County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Verdict of guilty. Error by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed September 26, 1898.

TURNOCK & GALLOWAY, attorneys for plaintiff in error.

C. T. HEYDECKER, state's attorney, for defendant in error.

MR. JUSTICE WRIGHT delivered the opinion of the court.

The plaintiff in error was indicted for selling intoxicating liquors without a license to keep a dram shop, and upon the trial was convicted on the first count of the indictment; a fine of $20 and the costs having been imposed by the court, he prosecutes this writ of error to reverse the same.

The only evidence heard at the trial, and from which such conviction followed, was the stipulation of the parties,

" that the defendant manufactured from the apples grown on his place a liquor called cider; and that such cider was afterward sold by him in quantities less than one gallon, on his premises, to various persons, as charged in said indictment; and at the time of such sale he had no license to keep a dram shop; and that such sales were made within the county of Lake, Illinois; and that the parties to whom such sales were made would testify, if present in court, that they became intoxicated by reason of drinking the cider so sold." It is contended by the counsel for plaintiff in error, in their argument, by which they seek to reverse the judgment of the trial court, that cider is not such a liquor as contemplated by the statute, the sale of which is prohibited without a license to keep a dram shop. The statute provides : " Whoever, not having a license to keep a dram shop, shall sell any intoxicating liquors in less quantity than one gallon, shall be fined not less than twenty dollars nor more than one hundred dollars, or imprisoned in the county jail not less than ten nor more than thirty days, or both, in the discretion of the court." It has been held that under an indictment it is not enough for the people to prove that the liquor sold was beer; the proof must be either that the beer was intoxicating or that it was lager beer. Hansburg v. People, 120 Ill. 21. So we have no doubt it would be insufficient to prove merely that the liquor sold was cider; but when it is admitted, as was done in this case, that the liquor so sold intoxicated the persons who drank it, the proof becomes conclusive that it was intoxicating liquor, the kind of liquor against which the title of the dram shop act is aimed.

It can not be maintained, as argued by counsel, the mere fact that the cider was the product of fruit grown upon the farm of plaintiff in error, furnishes immunity from the penalties of the statute, any more than would the sale of brandy made from the same fruit, or distilled spirits from the grain products of the farm. The judgment of the Circuit Court will therefore be affirmed.