ENNO CASSENS v. THE STATE.

No. 2975. Decided May 3, 1905.

**1.—Selling Liquor to Minor—Recognizance—Statutes Construed.**

Where a recognizance contained the statement, "as more fully appears by the judgment of conviction entered in this cause," reciting the other statutory requirements under article 837, Code Criminal Procedure, it was sufficient, notwithstanding it recited in the former portion the words: "In this court," instead of, "in this cause"; the language employed in the recognizance as a whole showing distinctly that the recognizance was taken in the particular cause and that whatever defect may have existed in the former portion of the recognizance, by the statement "in this court," instead of "in this cause" was remedied and made certain by the subsequent statement 'in this cause."

**2.—Same—Beer—Intoxicating Quality of Liquor Necessary.**

While there are decisions of other States to the contrary, the doctrine in this State is that there must be proof that the beer sold or given away to a minor was an intoxicating liquor, before a conviction can be sustained.

**3.—Same—Decisions Qualified—Recognizance—Misdemeanor.**

Meeks v. State, 7 Texas Ct. Rep., 824, Heinen v. State, id., 921; Armstrong v. State, 8 Texas Ct. Rep., 847; Perkins v. State, 9 Texas Ct. Rep., 152.

Appeal from the County Court of Williamson. Tried below before the Hon. Chas. A. Wilcox.

Appeal from a conviction of selling liquor to minor; penalty, a fine of $25.

The opinion states the case.

*Dan S. Chessher* and *D. W. Wilcox,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Conviction of a misdemeanor. The Assistant Attorney-General has filed a motion to dismiss the appeal because of a defective recognizance. We have examined the recognizance, and it does not appear to comply with article 887, Code Criminal Procedure, and the decisions thereunder. The recognizance is conditioned that the said "Enno Cassens, who has been convicted in this court of a misdemeanor, and his punishment," etc. The statute provides the recognizance must show that the conviction was "in this cause of a misdemeanor." The substitution of "in this court" for the language "in this cause," vitiates the recognizance. Meeks v. State, 7 Texas Ct. Rep., 824; Heinen v. State, 7 Texas Ct. Rep., 921; Armstrong v. State, 8 Texas Ct. Rep., 847.

. The appeal is accordingly dismissed.

*Dismissed.*

ON RE-HEARING.

June 7, 1905.

HENDERSON, JUDGE.—This case was dismissed because of an alleged defect in the recognizance, and is now before us on rehearing.

We copy that portion of the recognizance involved, as follows:  \*  \*  \*
"Conditioned that the said Enno Cassens, who has been convicted in
this court of a misdemeanor, and his punishment assessed at a fine of
twenty-five ($25) dollars, as more fully appears by the judgment of
conviction entered in this cause, shall appear before this court from day
to day and from term to term of the same, and not depart therefrom
without leave of the court, in order to abide the judgment of the Court
of Criminal Appeals of the State of Texas, in this case."

In the original opinion we held that because the recognizance con-
tained the words, "who has been convicted in this court of a mis-
demeanor," when it should. have stated, "in this cause of a misde-
meanor," that the same was defective,—citing Meeks v. State, 7 Texas
Ct. Rep., 824; Heinen v. State, 7 Texas Ct. Rep., 921; and Armstrong
v. State, 8 Texas Ct. Rep., 847. In Meeks case, supra, besides the
particular defect in this recognizance, it contained another defect, in
that, in connection with the clause requiring his presence before the
trial court from day to day and from term to term of the same, it omit-
ted the words, "of the same." Heinen's case, supra, omitted the
concluding part of the statutory recognizance to wit: "In this case."
Armstrong's case, supra, followed Heinen's case, containing the same
defect. Perkins v. State, 9 Texas Ct. Rep., 152, contains the
defect in the recognizance relied on in this case. In the Texas Court
Reporter, to which reference is here made, the full recognizance is
not shown. If the recognizance was as full on the point in question
as this here, we were evidently in error in holding the same defective.
We take it that the particular allegations are no part of the obligation
assumed by appellant, except in so far as the same are referred to in
order to identify the particular case in which the appellant was recog-
nized. Here, it occurs to us, that notwithstanding in that portion of
the recognizance in which the language "in this court" occurs, does
not follow the statute, yet subsequent portions of the recognizance
show definitely that said recognizance was taken in the particular cause,
as a reference to the same as above copied shows, inasmuch as it is
recited, "as more fully appears by the judgment of conviction entered
in this cause." This language shows distinctly that the recognizance
was taken in the particular cause, and whatever defect may have existed
in the former portion of the recognizance, by stating, "in this court"
instead of, "in this cause," is remedied, and made certain by this sub-
sequent statement above referred to. We accordingly hold that the
recognizance here set out is sufficient to give this court jurisdiction.
In so far as either of said cases above cited may contravene this
opinion, they are hereby overruled.

There is but one question to be considered on the merits of the
case; that is, it is agreed in the statement of facts that the defendant
sold and gave "beer" to Austin Moore, in August, 1903, in Williamson
County, knowing at the time of such sale and gift said Moore was
under the age of 21 years. The question is, was the court below au-

thorized and are we authorized to take judicial cognizance of the fact that beer is an intoxicating liquor. It may be conceded that there are decisions of other States holding to the effect that beer is an intoxicating liquor, and that courts will take judicial cognizance thereof. A number of decisions, however, are the other way. The decisions in this State hold that there must be proof that the beer sold or given away was an intoxicating liquor. Harris v. State, 12 Texas Ct. Rep., 1018; Sullivan v. State, decided at present term; Blatz v. Rohrbach (N. Y.), 6 L. R. A., 669; State v. Brewing Co. (So. Dak.), 26 L. A. R., 138; Hansberg v. Peo., 120 Ills., 21, 60 Am. Rep., 549; Netso v. State (Fla.), 1 Law Rep. Ann., 825.

Because there was no proof offered that the beer was intoxicating, the judgment is reversed and the cause remanded.

*Reversed and remanded.*