## JACK RUTHERFORD v. THE STATE.

### No. 3071.    Decided June 21, 1905.

**1.—Local Option—Charge Refused—Non-Intoxicant.**

Where on a trial for a violation of the local option law there was testimony that the hop ale charged to have been sold was a non-intoxicant, the court erred in not submitting special instructions that if the hop ale was a non-intoxicant, or if there was reasonable doubt of that fact from the evidence to acquit the defendant.

**2.—Same—Good Faith—Mistake of Fact—Charge Refused.**

On a trial for the violation of the local option law where the question of good faith or mistake of fact was an issue under the testimony, the court erred in refusing the requested charge covering this phase of the case.

**3.—Same—Charge of Court—Burden of Proof—Intoxicant.**

The sale of an intoxicant in local option territory is a perequisite to a conviction for violating the local option law, and the burden of proof is on the State, and it was error to instruct the jury shifting this burden upon the defendant.

**4.—Same—Evidence—Intoxicating Liquors.**

On a trial for a violation of the local option law, it was error to admit evidence of a transaction occurring two and a half years prior to the alleged offense, that witness had drank certain hop ale at the place of the alleged sale of intoxicating liquors, to prove the intoxicating property of the article or liquid sold to the defendant.

Appeal from the County Court of Bosque.    Tried below before Hon. P. S. Hale.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief from either party has reached the hands of the reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Conviction for violating the local option law. There was testimony, perhaps a preponderance introduced, going to show that the hop ale charged to have been sold was a non-intoxicant. Special instructions were requested to the effect that if the hop ale was a non-intoxicant, or if there was a reasonable doubt of it being an intoxicant, appellant should be acquitted. The court erred in not so instructing the jury. Patrick v. State, 78 S. W. Rep., 947; Mayne v. State, 12 Texas Ct. Rep., 806; Uloth v. State, decided at the present term.

The question of good faith and mistake was also an issue in this case under the testimony. The court erred in refusing the charge asked by appellant covering this phase of the case. See the same authorities.

In the seventh paragraph of the charge, the court thus instructed the jury: "If you believe from the testimony that defendant sold the hop ale to Jeff Barnes, as testified by said witness Barnes, and if you further believe from the testimony that said hop ale, if any, was not an intoxicant, that is, if you believe it was not of such quality as to produce intoxication when taken into the stomach in such quantities as may practically be drunk; then, if you so believe, you will acquit the defendant." Exception was reserved to this charge, and a counter charge asked. The objection is that it shifts the burden of proof, and required the jury to believe the liquid sold was not a non-intoxicant, in order to acquit, whereas the law requires that the jury must believe the liquid to be an intoxicant before they can convict. The exceptions to this charge were well taken. The sale of an intoxicant is a prerequisite to a conviction under a charge of violating the local option law, unless the State can show this beyond a reasonable doubt an acquittal should be awarded. The jury are not required to believe the liquid is not a non-intoxicant; nor is it upon the defendant to show that it is not a non-intoxicant. The State must prove beyond a reasonable doubt that it is an intoxicant, and the jury should be so instructed.

Over the appellant's objection, Thompson was permitted to testify that he had drunk hop ale at Fred Uloth's place of business about two and a half years before this sale is alleged to have occurred. Appellant was in no way connected with Fred Uloth's business at the time of the prior sale, and was only assisting him for the day on which the sale here is alleged to have occurred, and it would make no difference as to what was sold by Fred Uloth two and a half years before this transaction, so far as the defendant is concerned. Nor in any event would such testimony be admissible. The transaction occurring two and a half years prior to this time would not be admissible against appellant; and besides before the sale of hop ale or any other liquid could be used against appellant to prove the intoxicating property of the article he did sell, it must be shown that they are the same sort of liquid.

The remaining questions were disposed of in Uloth v. State, decided at the present term; and it is not necessary to enter into a discussion of them.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*