BREAUX, O. .1.
This is an action for $3,-•000, brought on a note made payable in six months from date for that amount.
The note is identified with a contract setting forth its consideration, which consists •of a loan made by plaintiff to defendant.
The defendant was to sell at his place of business exclusively the “near beer” of plaintiff’s brewery for six months from date of the note. If defendant failed to carry out the agreement, then $2,500 was to be the •damages. On the other hand, the plaintiff guaranteed that the near beer to be sold was nonintoxicating and nonspirituous, containing 2 per cent, or less of alcohol; and, if it proved spirituous and intoxicating, then the plaintiff was to pay the defendant, Brown, as liquidated damages, the sum of $2,500.
The defendant bound himself to sell the beer, provided, as expressed in the contract, it -was not prohibited by law.
The defendant refused to continue to sell plaintiff’s beer for the reason, as he alleged, that he was convicted by the courts of Caddo parish for selling such beer.
That the court held in some of the cases that “near beer” is spirituous and intoxicating and its sale in violation of law.
That he, in consequence, felt released from all obligation.
An agreed statement of facts shows that the near beer contained the proportion of alcohol before mentioned; that is, less than 2 per cent. It also shows that it was produced by fermentation.
The liquid is made by mixing articles and having it brewed until beer is produced, and then, by a system of evaporation, its alcoholic strength is reduced to 2 per cent, and less.
In its manufacture no alcohol or spirit are added, and all the alcohol it contains is produced by fermentation.
It is also admitted that the internal revenue license law of the United 'States requires one selling liquors containing over one-half of 1 per cent, of alcohol to pay a malt liquor license; and, that the district attorney, if placed under oath as a witness (he was not), would testify that, inasmuch as the laws of the state of Louisiana make the possession of a United States internal revenue license prima facie evidence of the guilt of a person for the sale of intoxicating and spirituous liquors, that he would prosecute any person selling any liquors and having internal revenue license in his possession without regard to the percentage of alcohol in the beverage.
The testimony of one of the witnesses, the only witness heard upon the subject, also shows that one cannot drink the 2 per cent, alcohol beer in quantity sufficient to make him drunk; that it will make him sick before he becomes intoxicated.
J. B. Railsback, the witness referred to above, a chemist, who made analysis of beer in criminal prosecutions against persons charged with having violated the local prohibition law, testified that a man cannot drink enough near beer to intoxicate him.
The judge of the district court rendered judgment in favor of plaintiff against the defendant for the amount claimed.
The defendant has appealed.
By the terms of the judgment appealed from, it follows that it is possible under that judgment to sell near beer of the strength before mentioned without violating the law.
[4] In this case, with the evidence before us, beyond all question the near beer, or whatever name may be given to it, is not intoxicating.
The law prohibits the sale of spirituous and intoxicating liquors wherever, as in Cad-do parish, the option law controls.
The law specially refers to spirituous and intoxicating liquors, and does not define what is spirituous and intoxicating.
*411 The authority delegated to prevent its sale, after having ascertained the wish of the voter, if favorable to prohibition, extends no further than to preventing the sale of intoxicants.
Two sections, to wit, 1211 and 2778, of the Revised Statutes were amended by Act No. 221 of 1902, p. 451.
In neither the sections before referred to nor the amendment is the law directed against the sale of other than intoxicating or spirituous liquors.
The words “near beer” in themselves are not a protection. It is not because one sells near beer that he is to be considered as exempt in a prohibition parish from, obeying the prohibition law. The ingredients of which it is composed are considered, and if they, making up this near beer, are not intoxicants than the words “near beer,” as evidence of a nonintoxicating drink, must be held as having effect.
It is only a matter of proof. It has been so considered in a number of cases, and, whenever in the cases to which we have referred it appears' that the near beer or the drink offered for sale is not an intoxicant, the decision is that the laws similar to those of this state are not violated.
In Potts v. State, 50 Tex. Cr. R. 368, 97 S. W. 477, 7 L. R. A. (N. S.) 194, 123 Am. St. Rep. 847, particularly as reported in 7 L. R. A. (N. S.) 195, is pertinent.
The last work contains lengthy notes, citing a number of decisions, all sustaining the proposition which engages our attention at this time.
Decisions sustaining the proposition that, under local option laws, the commodity, to sustain conviction, must be intoxicating:
Ex parte Gray (Tex. Cr. R.) 83 S. W. 828; Harris v. State (Tex. Cr. R.) 86 S. W. 763; Cassens v. State, 48 Tex. Cr. R. 186, 88 S. W. 229; Rutherford v. State, 48 Tex. Cr. R. 431, 88 S. W. 810.
The foregoing decisions are all by the Texas Criminal Court.
To the same effect is Rau v. People, 63 N. Y. 277; Blatz v. Rohrback, 116 N. X. 450, 22 N. E. 1049, 6 L. R. A. 669; Sarlls v. United States, 152 U. S. 570, 14 Sup. Ct. 720, 38 L. Ed. 556; Kevin v. Ladue, 3 Denio (N. Y.) 437; State v. Beswick, 13 R. I. 211, 43 Am. Rep. 26; Weis v. State, 33 Ind. 204; Kurz v. State, 79 Ind. 488; Klare v. State, 43 Ind. 483; State v. Sioux Falls Brewing Co., 5 S. D. 39, 58 N. W. 1, 26 L. R. A. 138; Hansberg v. People, 120 Ill. 71, 8 N. E. 857, 60 Am. Rep. 549; Netso v. State, 24 Fla. 363, 5 South. 8, 1 L. R. A. 825.
Some of these decisions are not very much to the point in this: That they are rendered in accordance with the requirements of special laws or under local conditions. It remains that they all sustain the principle that a law against the sale of intoxicants, general in terms, is not violated by the sale of a formula of ingredients containing a small percentage of alcohol, not enough to-intoxicate.
If any of the strong drinks, well-known intoxicants, are sold, the court might, in the absence of testimony, take judicial notice that they are intoxicating. But, in matter of a beverage containing less than 2 per cent, of alcohol, it would not be reasonable to-hold affirmatively that it is intoxicating, in the presence of positive, uncontradicted testimony that it is not intoxicating.
When evidence is clear and free from all ambiguity, it is not to be disregarded; it must be considered as having some effect. Courts decide in accordance with law and evidence, and not in opposition to all applying law and evidence.
The case reported in Commonwealth v. Thayer, 5 Metc. (Mass.) page 247, is also pertinent upon the subject.
The decisions of the Supreme Court of the *413 United States have gone further upon the subject than those of the state.
All the evidence before us proves that, as we have stated before, it is not an intoxicating drink.
If it were otherwise; if there was no such evidence before us — we would have no knowledge of which we could take notice that the mixture of ingredients before mentioned is intoxicating. For, while we may take notice of the intoxicating effect of whisky, wine, beer, and other drinks of like nature, we would not be justified in assuming that- near beer is intoxicating also.
There is evidence before us all one way. The proof is conclusive. We shall in this case give it effect.
The defendant asks to be relieved from paying damages on the grounds we have stated, principally because he had to submit, as he avers, as he was not allowed to sell the near beer.
With regard to the asserted admission as to what the district attorney would do if he knew that one had in his possession an internal revenue license, prima facie evidence of guilt, as before stated:
The positive testimony is that the liquor sold was not an intoxicant. The possession of an internal revenue license is prima facie evidence of guilt. It can be rebutted.
The sworn testimony was accepted as correct by the lower court.
[1, 2] The amount borrowed by defendant is due; he owes the note.
The evidence does not relieve him from paying the amount received.
The promise to pay a note for money borrowed, although it has a contract attached, in which the contractor -binds himself to sell a beverage, does not render the promise null on the ground that the beverage is an intoxicant, in view of the positive testimony that it is not an intoxicant.
The testimony is that it does not intoxicate, but it makes one ill. The latter evil, if it be as stated here, is one which may in time give concern to those in charge of the public health department.
[3] Now as relates to the clause intended to cover “liquidated damages” to the amount of $2,500, and whatever interest the amount may bear:
There is no evidence that damages at all were incurred by plaintiff.
Plaintiff to recover only pleads the amount as liquidated damages, without the least proof.
In a ease of that kind it is left to the court to determine whether or not to allow damages.
We do not think that under the circumstances plaintiff is entitled to these damages, and therefore the judgment will, to that extent, be amended.
By reason of the law and the evidence being in favor of plaintiff and against defendant, the judgment appealed from is amended by deducting $2,500 and interest it may bear from the judgment, and, as amended, the judgment is affirmed.