## BARNABY ET AL. *v.* WOOD.

LIQUOR LAW.—*Damages.*—*Statute Construed.*—The twelfth section of the act to regulate the sale of intoxicating liquors, Acts 1873, p. 151, gives a right of action against any person or persons who shall, by selling intoxicating liquors, have caused the intoxication, in whole or in part, of the purchaser, and it is no excuse that the person selling the liquor is only a clerk or salesman in a saloon, nor is it necessary that he should compel the purchaser to drink or use any artifice to cause him to drink, or that he should know that such person would get drunk.

SAME.—*Owner of Property.*—That part of said section which provides for holding the owner of real estate liable for sales of intoxicating liquors does not apply to the owner of property who himself sells liquor therein, but applies to owners who permit others to occupy and use the property for such purposes, and in such case the complaint must show that the owner had knowledge that intoxicating liquors were to be or had been sold therein.

SAME.—*Pleading.*—A complaint by a wife under said section, alleging that her husband was intoxicated by liquor purchased of the defendants, and thereby neglected his work, and squandered his money, and damaged the plaintiff in her means of support, sufficiently showed how she was injured.

SAME.—*Instruction.*—Where a complaint is insufficient to hold the owner of a building liable for sales of intoxicating liquors made therein, it is

error, under any state of the evidence, to instruct the jury that such owner may be liable.

From the Henry Circuit Court.

*Butler, Brown & Brown,* for appellants.

*E. N. Smith* and *T. B. Reding,* for appellee.

DOWNEY, J.—Appellee sued Charles Barnaby and Edward Newell. Her complaint was in two paragraphs.

A demurrer was sustained to the second, and it need not be further noticed.

The first was tested by a demurrer and held good. It alleges that she is the wife of Milton Wood, and dependent on his labor, care, diligence, and economy for her means of support; that when not drinking or under the influence of intoxicating liquors, he is industrious and makes good and suitable provision for his family, the plaintiff and three minor children; that Charles Barnaby, as proprietor of a saloon in Knightstown, and Edward Newell, as salesman in said saloon, sold her said husband intoxicating liquor on the 15th day of July, 1873, and on divers other days up to and on the 19th day of July, 1873, causing her said husband to become intoxicated, to neglect his work, and squander large sums of money; that by reason of said intoxication, produced by said defendants, her said husband had large fines to pay, to wit, one hundred dollars; that he neglected his work; and plaintiff has been damaged in her means of support, her domestic comfort and happiness, and otherwise damaged in the sum of five hundred dollars; that said liquor was sold in a saloon in Knightstown on certain premises described, said property belonging to the defendant Barnaby; wherefore, etc.

The demurrers to this paragraph of complaint were joint and also several, by each of the defendants. The complaint is predicated on the twelfth section of the act of February 27th, 1873, Acts 1873, p. 151. By that section, in addition to the remedy and right of action provided for in the eighth section of the act, every husband, wife, etc., who shall be injured in person or property, or means of support, by any intoxicated

person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her name, severally or jointly, against any person or persons who shall, by selling, bartering, or giving away intoxicating liquors, have caused the intoxication, in whole or in part, of such person, etc.

Counsel for appellants say, in considering the case as to Newell, that the complaint " charges him with selling liquor to her husband. This is all that is charged against this defendant. He did nothing more than sell the liquor. Of course, it alleges the intoxication of the said Wood, etc., but the defendant did not compel him to become intoxicated, nor did he even know that the said Wood would become intoxicated; nor did he use any compulsion, art, or device or trick to cause him to get drunk," etc.

The section gives the action against " any person or persons who shall, by selling," etc., "have caused the intoxication, in whole or in part, of such person." We think the complaint makes a case, within the statute, against Newell. It is no excuse that he was a clerk or salesman only in the saloon. The statute is general. Nor is it necessary that the party selling should compel the purchaser to drink or use any art, device, or trick to cause him to get drunk, or that he should know that he would get drunk.

Counsel say, " the constitutionality of this section has not, to our knowledge, been passed upon, and we ask that this section be directly passed upon, and we are a little curious to know how or by what argument it can be sustained." We are not inclined to enter on the examination of so grave a question upon so slight a pretext. Several complaints have been sustained on this section, and if counsel really desire to question its constitutionality, some reasons for holding it invalid for that reason should have been stated.

Counsel next discuss the complaint with reference to its sufficiency as against Barnaby. They submit that its allegations are not sufficient to charge him on account of his ownership

of the property in which the saloon was kept. The part of the section on this subject reads as follows :

"Any person or persons owning, renting, leasing or permitting the occupation of any building or premises, and having knowledge that intoxicating liquor is to be sold therein, or having leased the same for other purposes, shall knowingly permit therein the sale of intoxicating liquor, or who having been informed that intoxicating liquor is sold therein that has caused, in whole or in part, the intoxication of any person, who shall not immediately, after being so informed, take legal steps in good faith to dispossess said tenant or lessee, shall be liable jointly with the person selling," etc., " as aforesaid, to any person or persons injured, for all damages, and for exemplary damages," etc.

We think that this part of the section was not intended to apply to the owner of premises who himself sells intoxicating liquors therein ; but was intended to apply to owners of property who permit another person to occupy and use their property for such purpose. The complaint fails to state that Barnaby had any knowledge that intoxicating liquors were to be or had been sold in said premises, and was therefore insufficient under this part of the statute. Where the owner of the property himself sells, he is liable because he sells, and not on account of his ownership of the premises in which the sale is made. But it seems to us that Barnaby is liable for selling, according to the facts alleged in the complaint. It is stated " that Barnaby, as proprietor of a saloon in Knightstown, and Newell, as salesman in said saloon, sold her said husband intoxicating liquor," etc. This brings him within the section of the statute.

The appellant further urges as to both defendants, that the complaint is bad, because it does not sufficiently show how the plaintiff was injured in her means of support. It is urged that the wife could only be damaged in three ways : 1. In her person ; 2. Her property ; and, 3. Her means of support. In substance, the complaint alleges that the husband became intoxicated on liquors purchased from the defendants from the

Barnaby *et al. v.* Wood.

15th to the 19th day of July, 1873, neglected his work, and squandered his money, and that in consequence thereof she has been damaged in her means of support in the sum of five hundred dollars. We think this brings the case within the statute.

Counsel next refer to the instructions. It is urged that charge number 2 given by the court was wrong. It was as follows:

" If you find that the defendant Edward Newell, by selling the plaintiff's husband intoxicating liquors, thereby causing him to become intoxicated, in whole or in part, and that in consequence of such intoxication of her husband, the plaintiff has sustained injury and damages as alleged in the complaint, and that defendant Barnaby was the owner of the building in which said liquor was so sold by said Newell, and had knowledge that said Newell was engaged in selling intoxicating liquor in such building at the time of such sale, the plaintiff would be entitled to recover against both of the defendants."

Having come to the conclusion that the complaint does not state facts which rendered Barnaby liable as owner of the property simply, we think this instruction was erroneous. It was wrong in any view of the evidence which might have been before the jury.

Complaint is made of the action of the court in refusing charges asked by the defendant, but we cannot say that this was error, for the reason that the bill of exceptions does not show that it contains all the evidence. The court may have refused them because not applicable to the evidence. There are many cases in this court sustaining this position.

Counsel discuss the case with reference to the sufficiency of the evidence, but we can decide nothing on this point, for the reason already stated, that is, that all the evidence is not in the record. We need not examine other questions.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.