### Richard I. Hall v. The People of the State of Illinois.

1. INFORMATION—*when need not be verified.* An information signed by the state's attorney need not be verified.

2. INFORMATION—*effect of failure to indorse names of witnesses upon back of.* The validity of an information is not affected by the failure to indorse upon the back thereof the names of the witnesses upon whose testimony the same was returned.

3. INTOXICATING LIQUORS—*what within term of.* The word "beer" when employed in connection with sales in a place where intoxicating liquors are usually sold, means an intoxicating drink.

Criminal prosecution for sale of intoxicating liquor. Error to the County Court of DeWitt county; the Hon. F. C. HALL, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

JOHN FULLER, HERRICK & HERRICK and EDWARD J. SWEENEY, for plaintiff in error.

ARTHUR F. MILLER and E. B. MITCHELL, for defendant in error.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

Upon an information filed by the state's attorney charging with having unlawfully given intoxicating liquor to one Bertie Robinson, a minor, plaintiff in error was found guilty and sentenced to pay a fine of $100 and costs, and to be confined in the county jail for a period of thirty days, and until the fine and costs were paid.

It is first urged as a ground for reversal of such judgment, that the information was not verified by

affidavit. Inasmuch as it was signed by the state's attorney, this was unnecessary. Samuel v. People, 164 Ill. 384.

Complaint is made that the names of no witnesses were indorsed upon the back of the information. We do not understand that this was essential, and no authority to that effect has been cited.

It is also contended that the court erred in giving to the jury certain instructions in which it was assumed that Robinson was given liquor by some one and that the same was intoxicating. The proof adduced by the People tended to show that Robinson was seen in the saloon of plaintiff in error on the day charged, with a bottle in his hand. The witnesses Anderson and Hanson testified that they saw him drink therefrom, and Anderson said that it contained a liquor that smelled like beer.

The word "beer," when employed in connection with sales in a place where intoxicating liquors are usually sold, means an intoxicating drink. Myers v. State, 93 Ind. 251, 9 L. R. A. 665. Furthermore, Prof. Conrad, a chemist, testified that he had analyzed the contents of the bottle in question and found that the same contained over four per cent. of alcohol. The only witnesses called in behalf of plaintiff in error were himself, Crawford, his partner, and their bartender, each of whom denied that he gave or sold any beer or intoxicating liquor to Robinson on the day in question. In this they are corroborated by Robinson who while admitting that he had a bottle in his hand at the time and place charged, denied that he drank from the same or knew its contents. The jury was fully warranted in the belief that Robinson's testimony was, to say the least, exceedingly improbable.

The only serious conflict on the trial seems to have been as to whether the beer was sold or given to Robinson by plaintiff in error or by anyone acting

for him. That Robinson received beer from some one and that it was intoxicating does not seem to have been controverted. In this state of the evidence we are satisfied that the error in the instructions complained of by plaintiff in error could not have affected the verdict.

The judgment is affirmed.

*Affirmed.*