Felomina Vetrovec, Appellee, v. Joseph Meyers et al., Appellants.

Gen. No. 15,389.

1. DRAM-SHOPS—*when instruction in action for injury to means of support not erroneous.* It is not error in such an action to give to the jury an instruction which sets out in full section 9 of the Dram-shop Act upon which the action was predicated.

2. DRAM-SHOPS—*what not defense to action under section 9.* The fact that one of the defendants who sold the liquor in doing so acted as the agent for his wife, the other defendant, who was the proprietor of the saloon in question, is not a defense which will absolve such defendant from liability.

Action under section 9 of Dram-shop Act. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed November 10, 1910. Rehearing denied November 25, 1910.

JOHN J. SWENIE, for appellants.

CARL A. ROSS, for appellee; EDWIN WHITE MOORE, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action brought by plaintiff against Joseph and Sarah Meyers, defendants, under section 9 of the Dram-shop Act, to recover for injuries to her person and means of support in consequence of the intoxica-

tion of her husband, James Vetrovec, the jury found both defendants guilty and assessed plaintiff's damages at $1,000. The defendants made separate motions for a new trial, which were denied, a judgment entered on the verdict, and the defendants appealed. Plaintiff alleged that the defendant Sarah Meyers was the keeper of a dram-shop wherein she and the other defendant sold to plaintiff's husband intoxicating liquors, thereby causing his intoxication in whole or in part, and that in consequence of such intoxication she was injured in her person and means of support.

We find no error in the rulings of the court on questions of evidence.

The first instruction given at the request of the plaintiff sets out section 9 of the Dram-shop Act in full with the addition only of the following introductory words: ''The court instructs the jury that the section of the Dram-shop Act of the State of Illinois, under and by virtue of which plaintiff brings this suit, is in words and figures as follows.'' It is contended that for the giving of said instruction the judgment should be reversed. In Reisch v. The People, 229 Ill. 574, an action of debt on a retail liquor dealer's bond, it was held not error to give this instruction.

The defendant, Sarah Meyers, was the owner of the saloon in which intoxicating liquors were sold to plaintiff's husband, and the defendant, Joseph Meyers, the husband of Sarah, was employed by her to assist her in carrying on such saloon. It is urged in behalf of appellant, Joseph Meyers, that as in selling intoxicating liquors to James Vetrovec he was acting as agent for his wife, a known principal, he is not under the statute liable either severally, or jointly with her, to the plaintiff. Barnaby et al. v. Wood, 50 Ind. 405, was an action brought under a statute similar to the statute of this state against Barnaby and Newell. The complaint alleged that Barnaby as proprietor of a saloon and Newell as salesman in the saloon, sold plaintiff's husband intoxicating liquors, etc., and it was held that

the complaint made a case, within the statute, against Newell. In the opinion it was said, p. 407: ''The section gives the action against any person or persons who shall, by selling, etc., have caused the intoxication, in whole or in part, of such person. We think the complaint makes a case, within the statute, against Newell. It is no excuse that he was a clerk or salesman only in the saloon. The statute is general.''

Worley v. Spurgeon et al., 38 Iowa, 465, was an action under a similar statute. Defendant L. D. Spurgeon was the owner of the saloon in which the sales were made. Defendant S. Spurgeon, his son, made some of the sales, and it was contended that the evidence did not support the verdict against the son. The evidence was held sufficient to sustain the verdict against each of the defendants. In the opinion it was said: ''The statute says that any person who shall by the sale of intoxicating liquors cause the intoxication of any other person, etc. This language embraces equally any person who actually makes the sale, whether he is the owner, or the son, clerk or servant of such owner, all and each are alike and personally liable for the injurious consequences to the wife resulting from the intoxication caused by such sale.'' In Johnson v. Barber, 5 Gil. 425, Barber recovered in an action of tort against John Johnson and Peter Johnson for firing a prairie, etc. The court refused to give for the defendants this instruction: ''The plaintiff cannot recover against both of the defendants, for if John Johnson acted under the instructions and directions of Peter Johnson, then he, Peter, is alone liable. If John Johnson acted contrary to the direction of Peter Johnson, then he, Peter, is not liable, and they must acquit him.'' It was held that the refusal was proper: ''That if the act complained of was illegal, the fact that one of the defendants committed it under the direction of the other, did not shield him from responsibility, but both were equally liable to the party injured, as well

the one who did the act as the one who procured it to be done.''

The acts of Joseph Meyers in selling intoxicating liquors to James Vetrovec were positive, affirmative acts, which were actionable in case certain consequences stated in the statute resulted therefrom. We do not think that the fact that he made such sale as agent or salesman for his wife can shield him from liability to the plaintiff under the statute for the consequences resulting from such sale.

In our opinion the evidence is sufficient to support the verdict against both defendants. The record is, we think, free from error, and the judgment is affirmed.

*Affirmed.*