# The People of the State of Illinois, Defendant in Error, v. Frank Barney, Plaintiff in Error.

## Gen. No. 6,226.

1. INTOXICATING LIQUORS, § 149*—*when evidence sufficient to connect defendant with offense.* On a prosecution for selling intoxicating liquors in anti-saloon territory, evidence *held* sufficient to connect defendant with the offense.

2. INTOXICATING LIQUORS, § 130*—*when presumed that beer is intoxicating.* It. will be presumed that beer sold at a place where intoxicating liquors are sold is intoxicating liquor.

3. INTOXICATING LIQUORS, § 151*—*when evidence sufficient to sustain conviction for sale of.* On a prosecution for selling intoxicating liquors in anti-saloon territory, evidence *held* sufficient to sustain a conviction.

4. INTOXICATING LIQUORS—*when immaterial whether officer could close common hall to premises under judgment.* Where a person is charged with selling liquor in anti-saloon territory at a place known as "129 North State street," which is a building with a common hall dividing the part used by defendant and that used by another person, if the keeping and selling of liquor by the defendant is abated it is immaterial whether the officer could close the hall under the judgment.

5. CRIMINAL LAW, § 624*—*what place defendant may not be sentenced to in order to work out fine.* A convicted person may not be sentenced to a "county poor farm" to work out a fine under Hurd's Rev. St., ch. 38, ¶ 168b (J. & A. ¶ 3795).

6. INTOXICATING LIQUORS, § 259*—*when judgment of conviction for selling intoxicating liquor sustained in part.* On conviction of a person for selling liquor in anti-saloon territory, *held* that although the judgment was invalid and must be reversed in so far as it related to working out the fine, if not paid, on a "county poor farm," it was otherwise valid and should be affirmed.

Error to the County Court of Boone county; the Hon. DAVID T. SMILEY, Judge, presiding. Heard in this court at the April term, 1916. Reversed in part and affirmed in part. Opinion filed August 10, 1916.

WILLIAM L. PIERCE and ALEXANDER J. STROM, for plaintiff in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

PATRICK H. O'DONNELL, for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

An information containing twenty-nine counts was filed in the court below against Frank Barney, twenty-eight of which charged him with selling liquor in anti-saloon territory, and the twenty-ninth with keeping a room on the east side of North State street, in the City of Belvidere, generally known as No. 129 North State street, which was a place of public resort where intoxicating liquors were then and there sold, in violation of the act concerning anti-saloon territory, and which place was therefore a common nuisance. He was found guilty on the first eight counts and on the twenty-ninth count of said information, and was sentenced to fine and imprisonment under each count, and there was a judgment abating the nuisance under the twenty-ninth count. Barney prosecutes this writ of error to review said judgment.

Barney occupied the second floor of a place known as No. 129 North State street. The second story contained two apartments opposite each other, with a hall in the middle, and there was access to the hall from the ground by stairways both in the front and in the rear. It seems that Barney lived there and conducted an ice business in the city. Many witnesses went up either the front or the back way and went into this hall, and they were there met by Barney or some other person from his rooms and asked what they wanted, and they were sold beer and whisky and the same was usually, but not always, brought out and delivered to them in the hall, and this was in a remote part of the City of Belvidere, and it was at that time anti-saloon territory. It is contended that most of the witnesses used the word "Barney" only, and did not say "Frank Barney," and may therefore have meant some other person than the defendant. It was proved by one or more

witnesses that this was the place of business of Frank
Barney, and that Frank Barney was in that place and
in the adjoining hall. Thereafter many witnesses
spoke of him as Barney. There was no suggestion
that any other man of that name except Frank Barney
was involved in the inquiry. We have no doubt that
the jury correctly understood the witnesses to refer to
the defendant, Frank Barney. It is contended that
many of the sales were proven to have been of beer,
without any statement that it was lager beer or a malt
liquor. It was held in *Hall v. People,* 134 Ill. App. 559,
that the word "beer" when employed in connection
with sales in a place where intoxicating liquors are
usually sold means an intoxicating drink, and that is
based upon *Myers v. State,* 93 Ind. 251. See also,
*Welsh v. State* (Ind.), 9 L. R. A. 664. There was
proof of numerous sales of whiskey in this place, and
at least at eight different times, and under the rule
just cited it will be presumed that the beer was also
intoxicating. There were proofs not only of sale
and delivery from Barney's room and in that hall of
beer and whisky by Barney himself, but there was also
proof of sales by Miss Stover, Miss Ballard and Miss
Walls in Barney's absence, and it was insisted that as
this was not a regular saloon there could be no pre-
sumption that these women were his agents or
servants, or that he was bound by their sales. There
was proof of sales by at least two of these women and
delivery of liquor by them when Barney was there, and
we do not doubt that they were sufficiently shown to
be persons for whose acts he was responsible. It may
be doubted whether, under the evidence, this was not
really a saloon. In the room first reached from the
hall were two large ice chests and beer cases piled
about the wall, and from that room bottles of beer and
bottles of whisky were brought whenever called for,
and some were sold and delivered in that room, and
it possessed many of the qualities of an ordinary sa-

loon, and was called by several witnesses Barney's place of business. There were enough sales of whisky and beer proven to have been made in that hall and in Barney's room to justify a conviction under each of the counts under which Barney was convicted, and of numerous other sales of whisky and beer, and the verdict is amply sustained by the evidence. It is insisted that the hall could not be abated under the last count because not described therein, and also because the people living on the other side of the building on that story were entitled to the joint use thereof. If the keeping and selling of whisky and beer within Barney's rooms, which are strictly and unquestionably 129 North State street, is abated, there is no danger that any beer or whisky will be sold or delivered in the adjacent hall, and the question whether an officer could close the hall under this judgment is immaterial.

In the judgment it was also provided that if defendant did not pay the fine and costs thereon after the expiration of his sentence of imprisonment, he "be required to work out said fine at the county poor farm, situated in the County of Boone, in said State, at the rate of $1.50 per day for each day's work, pursuant to the statute in such case made and provided." Paragraph 168b of the Criminal Code, Hurd's Rev. St. 1913, page 839 (J. & A. ¶ 3795), provides that any person convicted of petit larceny or any misdemeanor punishable under the laws of this State in whole or in part by fine may be required to work out such fine and all costs in the workhouse of the city, town or county, or in the streets and alleys of any city or town, or on the public roads of the county, under the proper person in charge of such workhouse, streets, alleys or public roads, at the rate of $1.50 per day for each day's work. The next section contains directions for the keeper of a workhouse, street commissioner, city marshal, supervisor of roads, or person in whose keeping such convicted person shall be placed. The fourth paragraph

of section 25 of chapter 34 of the Revised Statutes relating to counties (Cal. Ill. St. Supp. 1916, ¶ 2769) gives the county boards of the several counties power to cause to be provided a suitable workhouse in which persons convicted of offenses punishable by imprisonment in the county jail may be confined and employed, and to make rules and regulations for the management thereof. The court therefore had power to sentence this defendant to work out his fine (if the same was not paid) in a city workhouse, a town workhouse, a county workhouse, or on the streets or alleys or on public roads, under a proper person in charge thereof. We are of opinion that this does not authorize sentencing the defendant to work out his fine on the county poor farm, which, in and of itself, is not a building nor a place named in the statute. If in Boone county the county board had established a county workhouse at the poor farm, this defendant could have been sentenced to work out his fine in that workhouse; but then it should have been designated as the county workhouse, and would mean to work out his fine in or about the building designated as the county workhouse, and not to work it out upon the farm. The Legislature could have designated the county poor farm as a place where such a fine could be worked out, but did not do so. If this judgment had sentenced him to work out the fine in the county workhouse, it would have been assumed that there was such a place in the county, and no controversy on that subject would arise unless and until the sheriff was unable to deliver him at such a workhouse, because there was none established by law. In our opinion that part of the judgment which relates to the working out of the fine is invalid and must be reversed, but that portion of the judgment can be reversed without in any way affecting the validity of the rest of the judgment, under each count of which defendant stands convicted.

The judgment is therefore reversed so far as it provides for working out the fine on the county poor farm, and in all other respects it is affirmed.

*Reversed in part and affirmed in part.*